USDC SCAN INDEX SHEET










```
RYC    9/22/05    9:52
3:05-CV-01470   MINTZ V. DIETZ AND WATSON INC
*5*
*P/A.*
```

NEIL A. SMITH, Cal. Bar No. 63777
SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
4 Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:  415-434-9100
Facsimile:   415-434-3947

JONATHAN HANGARTNER, Cal. Bar No. 196268
  SHEPPARD MULLIN RICHTER & HAMPTON LLP
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619-338-6500
Facsimile:   619-234-3815

Attorneys for Defendants DIETZ & WATSON,
INC. and PACKAGE CONCEPTS &
MATERIALS, INC.

FILED
SEP 21 2005
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ, an individual; MARCUS MINTZ, an individual; and JIF-PAK MANUFACTURING, INC., a California corporation,<br><br>Plaintiffs,<br>v.<br><br>DIETZ & WATSON, INC., a Pennsylvania corporation; and PACKAGE CONCEPTS & MATERIALS, INC., a Southern Carolina corporation,<br><br>Defendants. | Case No. 05 CV 1470 L (AJB)<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>(Oral Hearing Requested)<br><br>Date: November 7, 2005<br>Time: 10:30 a.m.<br>Ctrm: 14<br>Judge: Hon. M. James Lorenz<br><br>[Complaint Filed: July 22, 2005] |

W02-SD:8JH2\51393448.1

ORIGINAL

CASE NO. 05 CV 1470 L (AJB)

The Defendants, Package Concepts & Materials, Inc. ("PCM") and Dietz & Watson, Inc. ("DW"), respectfully submits the following Memorandum of Law in Support of Defendants' Motion to Dismiss. For the reasons that follow, PCM's Motion should be granted.

## I.

## BACKGROUND

Defendant PCM and Plaintiff JIF-PAK Manufacturing, Inc. ("JIF-PAK") are competitors in the manufacture and sale of food packaging products. On April 20, 2005, PCM filed an action in the United States District Court for the District of South Carolina, Greenville Division, seeking a declaration that the patent in dispute in the above-captioned action, U.S. Patent No. 5,413,148 ("the '148 patent"), is not infringed by PCM, and also asserted a tortious interference with contract claim against JIF-PAK.[1]

The filing of PCM's Complaint was prompted by actions undertaken by JIF-PAK, through its lawyers and other representatives, to contact a number of PCM's customers, including Specialty Foods Group, Inc. ("SFG"), and demand that these entities immediately stop purchasing a product from PCM that JIF-PAK contended was infringing on the '148 patent. In the series of letters sent to SFG, JIF-PAK's lawyer, John Haller, repeatedly emphasized that JIF-PAK was the owner of the '148 patent: "As indicated in my August 2, 2004 letter, JIF-PAK Manufacturing, Inc. is the owner of the '148 Patent and the '148 Patent is good and valid under the law" (emphasis added). A copy of the letter is attached as Ex. A. DW is also a customer of PCM's. DW received a letter from JIF-PAK containing allegations that PCM was infringing the '148 patent. PCM has agreed to indemnify DW in the above-captioned action.

Three months later, on July 22, 2005, JIF-PAK, Neil Mintz and Marcus Mintz ("the Mintzes") filed the above-captioned action against PCM and DW in the United States District Court for the Southern District of California alleging that PCM is infringing

---

[1] The action filed by PCM is Civil Action No. 6-05-1184-RBH.

- 1 -

W02-SD:8JH2\51393448.1    CASE NO. 05 CV 1470 L (AJB)

the '148 patent. The instant action was filed by the same attorney that had written the letters for JIF-PAK that gave rise to PCM's Complaint, and who represents JIF-PAK and the Mintzes in the South Carolina action. The California action raises identical issues to the earlier filed South Carolina action, focusing on the validity and enforcement of the '148 patent.

JIF-PAK and the Mintzes originally moved to dismiss the South Carolina action on the ground that JIF-PAK is merely a non-exclusive licensee of the '148 patent, and that the Mintzes, listed as the owners on the face of the '148 patent, had to be joined as indispensable parties to the action. PCM then amended its Complaint to name Neil Mintz and Marcus Mintz as individual defendants. Subsequently, the Mintzes moved to dismiss the action as to them individually on the ground that the District Court in South Carolina cannot assert personal jurisdiction over them. While the Mintzes are apparently the owners of the '148 patent, PCM's declaratory judgment action was appropriately filed based on the multiple assertions of JIF-PAK's own attorney that JIF-PAK is the rightful owner of the '148 patent. Moreover, Neil Mintz, a co-owner of the '148 patent, is the President of JIF-PAK and certainly has control over the actions of his licensee, including the decision to send the letters to PCM that unambiguously identified JIF-PAK as the owner of the '148 patent and led to the actions at issue. For these reasons, PCM has opposed the motion filed by JIF-PAK and the Mintzes. A copy of PCM's Memorandum of Law is attached as Ex. B.

PCM and DW now move to dismiss the above-captioned action on the grounds that the action first filed by PCM, which focuses on the identical issues raised by JIF-PAK and the Mintzes in the above-captioned action, was properly filed, may efficiently resolve the conflict between the parties, and should be permitted to proceed pursuant to the "first to file rule" and in the interest of federal comity.

## II.

## LAW AND ANALYSIS

**A.** **The validity and enforcement of the '148 patent is an issue that may be efficiently resolved through the declaratory judgment action filed by PCM in the District Court for the District of South Carolina.**

A declaratory action allows a party "who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side." BP Chems. Ltd. v. Union Carbide Corp., 4 F.3d 975, 977 (Fed. Cir. 1993). Declaratory relief is intended to serve a unique function in patent disputes, eliminating multiple litigation and protecting competitors from infringement actions that are threatened but not pursued. Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 97 (9th Cir. 1982), citing Societe de Conditionement en Aluminum v. Hunter Engineering Co., Inc., 655 F.2d 938, 943 (9th Cir. 1981). As observed by the United States Supreme Court, a declaratory judgment provides a manufacturer who is charged with infringing a patent an equal start (as against the patentee) in the race to the courthouse. Kerotest v. C-O-Two, 342 U.S. 180, 186 (1952).

The first filed case in Kerotest was an infringement action brought in Illinois by the patent owner, C-O-Two, against a customer of Kerotest's. Id. at 180. Approximately two months later, Kerotest filed a declaratory action in Delaware that the two patents sued on in Illinois were invalid and that the devices manufactured by Kerotest were not infringing. Id. at 182. Subsequently, Kerotest was joined as a defendant in the Illinois infringement suit. Id.

After a series of motions for stays and injunctions filed by each of the parties against the others, the District Court in Delaware enjoined C-O-Two from proceeding in Illinois against Kerotest, and denied the stay of the Delaware action. Id. at 182-183. The Third Circuit reversed the ruling of the Delaware court on the ground that all interests would be best served by prosecution of the suit in Illinois, where the case was first filed. Id. at 183. The United States Supreme Court ultimately affirmed that ruling. Id. at 184.

- 3 -

Although the Court permitted the infringement action to proceed in Kerotest, it was noted that a declaratory judgment suit can be determinative of questions of infringement and invalidity. Id. at 185. As the Court observed, if the manufacturer is first to file for a declaratory judgment, it is within the discretion of the trial court to enjoin subsequent suits against manufacturer by the patentee pending determination of the declaratory judgment suit, and a judgment in his favor bars suits against the manufacturer's customers. Id. at 185-186.

Also, the purpose of the Declaratory Judgment Act has been noted in patent cases to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights. Electronics for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1346 (Fed. Cir. 2005), citing Goodyear Tire & Rubber Co. v. Releasomers, Inc., 824 F.2d 953, 956 (Fed. Cir. 1987). In fact, the Act was enacted to allow a party to escape the uncertainty and insecurity of threatened legal action by a patent owner by suing for a judgment to settle the conflict. Id. This is the very situation that motivated PCM to file the declaratory action.

In short, a first filed declaratory judgment action can be determinative of allegations of patent infringement and invalidity. PCM appropriately filed the action seeking to resolve the allegations of patent validity and infringement that JIF-PAK had raised against it in letters sent to PCM's customers.

**B.  The above-captioned action should be dismissed in accordance with the "first to file rule" and in the interest of judicial economy.**

The "first to file rule" was formulated as a logical solution for federal courts to deal with issues of comity. The federal courts have long recognized that the principle of comity requires federal district courts of coordinate jurisdiction and equal rank to exercise care to avoid interference with each other's affairs. West Gulf Maritime Assoc. v. ILA Deep Sea Local 24, et al., 751, F.2d 721, 728 (5th Cir. 1985), see also, Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93 (9th Cir. 1982). The generally recognized doctrine of federal comity permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district in

1  order to promote efficiency and to avoid the waste of duplicative litigation. Pacesetter
2  Systems, 678 F.2d at 95.

3        The rule indicates that when two identical actions are filed in courts of
4  concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit,
5  leaving no purpose to be served by proceeding with a second action. Pacesetter Systems,
6  678 F.2d at 95. It is the filing of actions in coordinate jurisdictions, and not service of
7  process, that invokes considerations of comity. Id. at 96, FN 3. The rule is to be applied
8  with a view to sound judicial administration and should not be disregarded lightly. Id. at
9  95. In general, the forum of the first-filed case is favored "unless considerations of judicial
10 and litigant economy, and the just and effective disposition of disputes, requires otherwise.
11 Electronics for Imaging Inc. v. Coyle, 394 F.3d 1341, 1347 (Fed. Cir. 2005), citing
12 Genentech v. Eli Lilly & Co., 998 F.2d 931, 938 (Fed. Cir. 1993), cert denied, 510 U.S.
13 1140 (1994). Dismissal of a first-filed suit must be supported by sound reason that would
14 make it unjust or inefficient for it to continue. Id.

15       The first-to-file rule has been applied in patent infringement actions bearing
16 procedural similarity to the case at bar. In Pacesetter Systems Inc. Inc. v. Medtronic, Inc.,
17 678 F.2d 93 (9th Cir. 1982), the plaintiffs, Medtronic and Med Rel, Inc., Minnesota
18 manufacturers of pacemakers, first filed suit in the District Court for the Southern District
19 of Florida alleging that Pacesetter, a California pacemaker manufacturer, had infringed
20 three patents owned by Medtronic and Med Rel. Id. at 94. Three days later, Pacesetter
21 filed for a declaratory judgment in the District Court for the Central District of California.
22 Id. Medtronic and Med Rel then moved for dismissal of the second action based on the
23 first-to-file rule and their position that the California District Court did not have personal
24 jurisdiction over Med Rel, an indispensable party. Id. Both parties agreed that the two
25 actions involved identical parties and issues. Id. The District Court granted Medtronic's
26 and Med Rel's motion in deference to the Florida District Court where the action was first
27 filed. Id.
28

- 5 -

1   The Ninth District Court affirmed the dismissal, holding the first-to-file rule
2 applicable to the case because the two actions were raised between the same parties and
3 focused on the identical issues of validity and enforcement of three specific patents.
4 Pacesetter Systems, 678 F.2d at 95. The Ninth District agreed with the lower court that
5 judicial efficiency would not have been served by permitting multiple litigation of the
6 same claims where the court receiving the first filing was capable of efficiently resolving
7 all the issues. Id.
8   Clearly, identical issues of validity and enforcement of the '148 patent have
9 been raised in the declaratory judgment action first filed by PCM against JIF-PAK and the
10 patent infringement action later filed by JIF-PAK and the Mintzes against PCM and DW.
11 According to JIF-PAK's Complaint, JIF-PAK has alleged that DW is directly infringing
12 the '148 patent in purchasing and using PCM's product, and that PCM is contributorily
13 infringing the '148 patent by producing the product. See, Plaintiffs' Complaint, Count
14 Two. In short, the validity and enforcement of the '148 patent are the focus of JIF-PAK's
15 Complaint against both PCM and DW. Further, inclusion of DW in the California action
16 does not destroy the identity of parties between the South Carolina and California actions
17 based on PCM's agreement to indemnify DW and provide DW's defense. As such, the
18 first-to-file rule is applicable to the instant case. Under the rule, JIF-PAK's infringement
19 action must be dismissed in favor of the first filed declaratory judgment action because
20 South Carolina is the proper and most convenient venue for resolution of the conflict
21 between the parties.

22
23   1.   <u>Venue of the first filed declaratory judgment action is proper in South Carolina.</u>

24   PCM has fully explained the reasons supporting the fact that the District
25 Court for the District of South Carolina may properly assert personal jurisdiction over JIF-
26 PAK and the Mintzes individually. See, Plaintiff's Memorandum of Law in Opposition to
27 Defendants' Motion to Dismiss, Ex. B. South Carolina is an appropriate venue for the
28 declaratory judgment action filed by PCM. The venue of a declaratory judgment action

seeking a ruling of invalidity and non-infringement with respect to at least one subject patent is controlled by 28 U.S.C. § 1391(b). General Tire & Rubber Co. v. Watkins, 326 F.2d 926 (4th Cir. 1964), cert denied, 377 U.S. 909; Emerson Elec. Co. v. Black & Decker Manufacturing Co., 606 F.2d 234, 238 (8th Cir. 1979); V.E. Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574 (Fed. Cir. 1990), cert denied, 499 U.S. 922 (1991); United States Aluminum Corp. v. Kawneer Co., Inc., 694 F.2d 193 (9th Cir. 1982). Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

While "[a] 'substantial part of the events' may have occurred in more than one district, venue may be proper even if contacts with another district were more substantial." Etienne v. Wolverine Tube, Inc., 12 F.Supp.2d 1173 (D. Kan. 1998). In other words, there is a fundamental distinction between the district where a claim arises and the district where a substantial part of the events or omissions giving rise to the claim may have occurred. Accordingly, venue is proper in any judicial district where a substantial portion of the events giving rise to the claim occurred, even if they are not the most substantial.

Specifically regarding declaratory judgment actions filed to invalidate a patent and obtain a declaration of non-infringement, federal courts have held that venue is properly laid "where the alleged infringer is located, receives the damaging charges of infringement, or suffers economic injury as a result of the charges. Pennwalt Corp. v. The Horton Co., 582 F.Supp. 438, 440 (E.D. Pa. 1984), citing Eastman Kodak Co. v. Studiengesellschaft Kohle, 392 F.Supp. 1152 (D.Del. 1975); see also, Millipore Corp. v.

University Patent, Inc., 682 F.Supp. 227, 234 (D.Del. 1987); Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure § 3823.

As established in PCM's Memorandum of Law opposing the motion to dismiss filed by JIF-PAK in the South Carolina action, the alleged infringer, PCM, has its principle place of business in Greenville, South Carolina. See, Ex. B. All of the allegedly infringing manufacturing occurred in South Carolina. PCM received the letters from JIF-PAK alleging infringement in South Carolina. Most importantly, as a result of letters sent by JIF-PAK to PCM's customers threatening litigation if the customers did not immediately stop doing business with PCM, PCM has lost two accounts worth over $100,000.00. As such, harm caused by JIF-PAK's actions occurred within South Carolina. In accordance with the Pennwalt Corp. line of cases, venue for the declaratory judgment action is proper in South Carolina.

2. It is in the interest of convenience of the parties to permit the South Carolina action to proceed.

A balance of convenience analysis under 28 U.S.C. § 1404 also favors proceeding with the declaratory judgment action in South Carolina. In performing the analysis, the greatest weight is given to the first factor taken into consideration, the plaintiff's choice of forum. Collins v. Straight, Inc., 748 F.2d 916, 921-922 (4th Cir. 1984); Ellicott Machinery Corp. v. Modern Welding Co., 502 F.2d 178, 180 (4th Cir. 1974). Additional factors taken into consideration are:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of the judgment if one is obtained. The Court will weigh advantages and obstacles to [a] fair trial.
> Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

While discovery has not yet progressed far enough for this to be fully determined, most of the witnesses needed to appear at a proceeding pertaining to the alleged infringement of the '148 patent by PCM will be located in or near South Carolina.

- 8 -

1 | Obviously, PCM's own corporate officers and employees are located within South
2 | Carolina. Specialty Food Group, Inc., a customer of PCM's who received a letter from JIF-
3 | PAK alleging that PCM was infringing the '148 patent, is located in Virginia. DW is
4 | located in Pennsylvania. Other customers of PCM's who received letters from JIF-PAK
5 | regarding the alleged infringement of the '148 patent by PCM and whose employees may
6 | therefore be needed as witnesses, including Publix and Gusto, are located within or closer
7 | to South Carolina than California. All documents in the possession of PCM which are
8 | germane to this action are located within South Carolina, and those in the possession of
9 | DW are located in Pennsylvania. Only JIF-PAK is located in California, or even in the
10 | western United States for that matter. Clearly, it would be more convenient and less costly
11 | overall to resolve the issues between the parties in South Carolina rather than in California.

12 |       Further, JIF-PAK has connections with South Carolina and should have
13 | reasonably anticipated being haled into court there as a result. JIF-PAK did not raise a
14 | jurisdictional defense in the South Carolina action. See, PCM's Memorandum of Law
15 | opposing the motion to dismiss filed by JIF-PAK in the South Carolina action, Ex. B. JIF-
16 | PAK transacts sufficient business in South Carolina to satisfy the minimum contacts test
17 | for the assertion of personal jurisdiction. World-Wide Volkswagen Corp. v. Woodson,
18 | 444 U.S. 286, 291 (1980), International Shoe Co. v. Washington, 326 U.S. 310, 316
19 | (1945). In addition, JIF-PAK and its President, Neil Mintz, purposely directed activity at
20 | South Carolina by targeting specific customers of PCM's and threatening litigation if they
21 | did not stop doing business with PCM and caused injury within South Carolina in the form
22 | of over $100,000 worth of lost business to PCM. These facts establish that JIF-PAK, and
23 | at least Neil Mintz, have made sufficient connections with South Carolina to be subject to
24 | personal jurisdiction there. See, Ex. B. JIF-PAK must have reasonably anticipated that it
25 | might be called into court regarding the business it transacts in the state.

## III.

## CONCLUSION

Defendant in the instant action, Package Concepts & Materials, Inc., appropriately filed a declaratory judgment action to request a determination of the validity and enforcement of the '148 patent, which Plaintiff, JIF-PAK, alleged had been infringed. The declaratory judgment action focuses upon the identical issues raised in the infringement action that was subsequently filed by JIF-PAK against Package Concepts & Materials, Inc. and Dietz & Watson, Inc. in this Court. Package Concepts & Materials, Inc. has agreed to indemnify Dietz & Watson, Inc. and is providing their defense in this case. As such, the inclusion of Dietz & Watson, Inc. does not destroy identity of the parties between the South Carolina and California actions.

Given that two actions raising identical issues between the same parties have been filed, the first-to-file rule is applicable to determine which action should proceed. Under the rule, the instant infringement action should be dismissed because venue of the declaratory judgment action is proper in South Carolina, where the alleged infringer resides, received the damaging charges of infringement, and has suffered economic injury as a result of the charges. Finally, the balance of convenience analysis favors proceeding with the action in South Carolina, which is where Package Concepts & Materials, Inc. is located and is closer to the customers who received the letters from JIF-PAK alleging that Package Concepts & Materials, Inc. had infringed JIF-PAK's patent, including Dietz & Watson, Inc., who will be called as witnesses.

For the foregoing reasons, Defendants Package Concepts & Materials, Inc. and Dietz & Watson, Inc. respectfully request that the instant motion be granted and the above-captioned action against it be dismissed with prejudice.

DATED: September 21, 2005   SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
JONATHAN HANGARTNER

- 10 -