















RYC    10/24/05    14:14

3:05-CV-01470   MINTZ V. DIETZ AND WATSON INC

*9*

*OPPM.*

ORIGINAL

JOHN L. HALLER (SBN: 61392)
SUSAN B. MEYER (SBN: 204931)
GORDON & REES LLP
101 West Broadway
Suite 1600
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys For: Plaintiffs
NEIL MINTZ, MARCUS MINTZ and
JIF-PAK MANUFACTURING, INC.



FILED

OCT 2 1 2005

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ, an individual; and MARCUS MINTZ, an individual; and JIF-PAK MANUFACTURING, INC., a California corporation,<br><br>                    Plaintiffs,<br><br>            v.<br><br>DIETZ & WATSON, INC., a Pennsylvania corporation and PACKAGE CONCEPTS & MATERIALS, INC., a South Carolina corporation,<br><br>                    Defendants. | CASE NO. 05 CV 1470 L (AJB)<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**DATE:**    November 7, 2005<br><br>**TIME:**    10:30 a.m.<br><br>**PLACE:**    Courtroom 4<br><br>**JUDGE:**    Hon. M. James Lorenz<br><br>**MAGISTRATE<br>JUDGE:**    Hon Anthony J. Battaglia |

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

## Table of Contents

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

Page

I. BACKGROUND / SUMMARY OF ARGUMENT........................................................1

   A.    FACTUAL BACKGROUND.........................................................................1

   B.    PROCEDURAL BACKGROUND................................................................2

   C.    SUMMARY OF ARGUMENT ....................................................................2

II. ARGUMENT ...........................................................................................................4

   A.    THE SOUTHERN DISTRICT OF CALIFORNIA IS THE BEST VENUE FOR THIS CASE........................................................................4

   B.    VENUE IN SOUTH CAROLINA IS NOT PROPER – THAT CASE WILL LIKELY BE DISMISSED OR TRANSFERRED TO THIS COURT ....................................................................................................4

       1.    The Court in South Carolina Cannot Exercise Personal Jurisdiction Over the Patent Owners, Neil and Marcus Mintz.......................................4

       2.    The South Carolina Court Does Not Have Subject Matter Jurisdiction................................................................................6

   C.    THE FIRST TO FILE RULE IS NOT APPLICABLE – THE PARTIES AND ISSUES ARE NOT IDENTICAL .....................................6

       1.    The South Carolina Action Was Not "Appropriately Filed".......................7

       2.    The Parties and Issues Are Not Identical .....................................................8

       3.    The Convenience of Parties and Witnesses Weighs In Favor Of A California Venue For PCM's Declaratory Judgment Action And Neil and Marcus Mintz's Infringement Claims .........................................10

   D.    BASED ON THE PENDING MOTION TO DISMISS IN SOUTH CAROLINA, A DECISION ON THIS MOTION COULD BE STAYED...........11

III. CONCLUSION.......................................................................................................12

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 05 CV 1470 L (AJB)

Table of Authorities

Page

*Cases*

*A.P.T., Inc. v. Quad Environmental Technologies Corp., Inc.*
 698 F. Supp. 718, 721 (N.D. Ill. 1988) ................................................................... 9

*Abbot Labs v. Diamedix Corp.,*
 47 F.3d 1128, 1132-33 (Fed. Cir. 1995) .......................................................... 5, 6

*Alltrade, Inc. v. Uniweld Products, Inc.*
 946 F.2d 622, 628 (9th Cir. 1991) ................................................................... 6, 7

*American Academy of Science v. Novell, Inc.,*
 1992 U.S. Dist. LEXIS 20145, 24 USPQ2d 1386 (N.D. Cal. 1992) ...................... 9

*American Elec. Power Service Corp. v. EC & C Tech, Inc.,*
 2002 U.S. Dist. LEXIS 21994 (D. Ohio 2002) ................................................... 5

*Church of Scientology v. united States Dep't of the Army,*
 611 F.2d 738, 750 (9th Cir. 1979) ................................................................... 7

*Codex Corp. v. Milgo Elect. Corp.,*
 553 F.2d 735, 737 (1st Cir. 1977) ................................................................... 7

*Crosley Corp. v. Westinghouse Elec. &Mfg. Co.,*
 130 F.2d 474, 476 (3d Cir. 1942) ................................................................... 7

*ESAB Group, Inc. v. Centricut, Inc.,*
 126 F.3d 617 (4th Cir. 1997) .......................................................................... 5

*Factors, Etc. Inc. v. Pro Arts, Inc.* 579 F.2d 215, 217, 219 (2d Cir. 1978) .................... 7

*Fina Research, S.A. v. Baroid Ltd.,*
 141 F.3d 1479, 1481 (Fed. Cir. 1998) .............................................................. 6

*FMC Corp. v. Up-Right, Inc.,*
 21 F.3d 1073 (Fed. Cir. 1994) ....................................................................... 11

*Katz v. Lear Siegler, Inc.*
 909 F.2d 1459, 1464 (Fed. Cir. 1990) ............................................................. 9

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,*
 342 U.S. 180, 183-84 ................................................................................... 7

*Mallinckrodt Medical, Inc. v. Sonus Pharmaceutical, Inc.,*
 989 F. Supp. 265, 272 (D. D.C. 1998) ............................................................. 5

*Mattel, Inc. v. Louis Marx &Co.,*
 353 F.2d 421, 424 n. 4 (2d Cir. 1965) ............................................................. 7

*Microchem, Inv. v. Great Plains Chem. Co.,*
 103 F.3d 1538 (Fed. Cir. 1997) ..................................................................... 11

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ii

Table of Authorities
(continued)

Page

*Mission Ins. Co. v. Puritan Fashions Corp.*,
   706 F.2d 599, 602 n. 3 (5th Cir. 1983) ..................................................................... 7

*Molins PLC v. Textron, Inc.*,
   48 F.3d 1172 (Fed. Cir. 1995)................................................................................. 10

*Ortho Pharm. Corp. v. Genetics Inst., Inc.*,
   52 F.3d 1026 (Fed. Cir. 1995).................................................................................. 6

*Pacesetter Systems, Inc. v. Medtronic, Inc.*,
   678 F.2d 93, 95 (9th Cir.1982) ............................................................................ 7, 8

*Proctor & Gamble Co. v. Paragon Trade Brands, Inc.*,
   917 F. Supp. 305, 308 n. 3 (D. Del. 1995)............................................................. 5

*Refac Int'l, Ltd. v. IBM*,
   798 F.2d 459 (Fed. Cir. 1986)................................................................................ 11

*Serco Servs. Co. v. Kelley Co., Inc.*,
   51 F.3d 1037 (Fed. Cir. 1995)................................................................................. 7

*Signtech, Inc. v. Minnesota Mining & Manufacturing Co.*,
   1989 U.S. Dist. LEXIS 17176, 15 USPQ2d 1143, 1144 (D. Md. 1989), *aff'd* 895 F.2d 1421
   (Fed. Cir. 1990)....................................................................................................... 8

*Suprex Corp. v. Lee Scientific, Inc.*,
   660 F. Supp. 89, 93 (W.D. Penn. 1987) ................................................................. 5

*Zumbro, Inc. v. California Natural Prods.*,
   861 F. Supp. 773, 783 (D. Minn. 1994).................................................................. 5

**Statutes**

35 U.S.C. § 102................................................................................................................ 10

28 U.S.C. § 1404(a) .................................................................................................... 4, 7

28 U.S.C. § 1406........................................................................................................... 4, 6

35 U.S.C. § 103................................................................................................................ 10

**Other Authorities**

Declaratory Judgment Act, 28 U.S.C. § 2201(1991) ...................................................... 6

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BJPMI\1017899\301482 1

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 05 CV 1470 L (AJB)

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs Jif-Pak, Inc., Neil Mintz, and Marcus Mintz hereby submit this Memorandum of Points and Authorities in Support of their Opposition to Defendants' Motion to Dismiss.

### I.

### BACKGROUND / SUMMARY OF ARGUMENT

### A.   FACTUAL BACKGROUND

Neil and Marcus Mintz are the inventors and owners of U.S. Patent No. 5,413,148 ("the '148 patent"). The patent owners have granted a non-exclusive license to Plaintiff Jif-Pak, Inc. to practice the invention claimed in the '148 patent. [Neil Mintz Decl., ¶ 5].

The '148 patent relates to a tubular casing for meat products. Under its non-exclusive license, Jif-Pak produces and sells a product for encasing meat. Defendant Package Concepts & Materials, Inc. ("PCM") also produces and sells a product for encasing meat. It is this product the patent owners believe contributorily infringe or induce others to infringe the '148 patent. Defendant Dietz & Watson, Inc. ("DW") sells meat products that are processed in the tubular casing which is purchased from PCM.

The claims of the '148 patent require that the casing structure include the meat product. [Haller Decl., Ex. B ('148 patent)]. Thus, DW is accused of direct patent infringement because it sells the meat produced in the casing, while PCM is accused of inducement of infringement and contributory infringement because it provides the casing to DW.

DW, amongst others, is a customer of Jif-Pak and has purchased Jif-Pak's product. Jif-Pak sent a letter to DW, in which it mentioned the patent license under which its product is produced,[1] and also mentioned that DW's use of the PCM product may result in infringement of patent under which Jif-Pak is licensed.

/ / / / /

---

[1] Jif-Pak's notification to one customer, Specialty Food Group, erroneously indicated that Jif-Pak was the owner of the patent. This error was corrected by Jif-Pak by letter July 22, 2005 to Specialty Food Group's counsel, attorney Stephen Story. Declaration of John L. Haller filed concurrently herewith ("Haller Decl."), [Haller Decl., ¶ 3.]

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 05 CV 1470 L (AJB)

1    Apparently, DW contacted its alternative supplier, PCM, and communicated the contents

2    of Jif-Pak's promotional notification letter.  PCM then interpreted this letter not as the

3    promotional letter that it was, but as an accusation of infringement demanding the customer to

4    cease the infringing use.

5    **B.    PROCEDURAL BACKGROUND**

6    PCM filed a declaratory relief action against Jif-Pak in the District of South Carolina,

7    Greenville Division on April 20, 2005, seeking declaratory judgment of patent non-infringement

8    and a state law claim of interference with contract.

9    Jif-Pak filed a motion to dismiss for lack of subject matter jurisdiction based on the

10   absence of the patent owners to the action.

11   Based on Jif-Pak's understanding that the Court in South Carolina lacked subject matter

12   jurisdiction, patent owners Neil and Marcus Mintz, with Jif-Pak, filed a complaint in this Court

13   on July 22, 2005 against both PCM and DW.

14   PCM responded to Jif-Pak's motion to dismiss in South Carolina with an opposition and

15   an amended complaint, adding patent owners Neil and Marcus Mintz as defendants.

16   In view of PCM's filing its amended complaint, Jif-Pak's original motion to dismiss was

17   moot, and withdrawn.  Jif-Pak and the patent owners then filed a new motion to dismiss, adding

18   a claim of lack of personal jurisdiction over the patent owners.

19   The issue of personal jurisdiction over the patent owners, along with the issues of failure

20   to join an indispensable party and subject matter jurisdiction are all inter-related and are

21   currently being considered by the District Court in South Carolina.

22   **C.    SUMMARY OF ARGUMENT**

23   Defendants PCM and DW (hereinafter "PCM/DW") do not argue that this Court does not

24   have subject matter jurisdiction or personal jurisdiction over PCM or DW or that venue is

25   improper in this District.  The Court is asked to dismiss the case and allow the case in South

26   Carolina to proceed, thus effectively transferring the case, based on the equitable "first to file

27   rule."

28   / / / / /

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1    It is important to note that, although almost ignored by PCM/DW, the Court in South

2  Carolina is not a proper venue for transfer because that Court does not have personal jurisdiction

3  over the patent owners, Neil and Marcus Mintz. Without the patent owners, the Court in South

4  Carolina does not have subject matter jurisdiction. Between the two venues, the California

5  venue is likely the only venue where PCM/DW's declaratory judgment claims can be heard.

6  Moreover, co-defendant DW is not a party in South Carolina, notably not joining the suit there

7  with PCM. There is no information to suggest that DW is subject to personal jurisdiction in

8  South Carolina.

9    Even if this Court considers the first to file issue, the rule does not apply here because the

10  parties and issues are not identical in both cases. Co-defendant DW is not a party in South

11  Carolina, and this California case includes allegations of direct infringement against DW.

12  Regardless of PCM's indemnification of DW, there is no claim for PCM to indemnify in South

13  Carolina.

14    Furthermore, because PCM cannot meet the threshold requirements of personal and

15  subject matter jurisdiction in South Carolina, the case there is not appropriately filed, regardless

16  of whether any substantial events occurred there. Additionally, the balance of conveniences

17  weighs in favor of California, as does judicial economy and the interests of justice. DW's direct

18  infringement will necessarily be an issue in both cases. It is certainly more efficient to try the

19  claims against DW for direct infringement and the claims against PCM for inducement of and

20  contributory infringement together because in order to prove either inducement or contributory

21  infringement, the patent holder must also prove direct infringement.

22  / / / / /

23  / / / / /

24  / / / / /

25  / / / / /

26  / / / / /

27  / / / / /

28  / / / / /

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

## II.

## ARGUMENT

**A.** **THE SOUTHERN DISTRICT OF CALIFORNIA IS THE BEST VENUE FOR THIS CASE**

Venue in South Carolina is improper for this case. Even if this Court considers the first to file rule, it is inapplicable here because the parties and issues are not identical. Furthermore, the balance of convenience to the parties and the interests of justice weigh in favor of this California forum.

**B.** **VENUE IN SOUTH CAROLINA IS NOT PROPER – THAT CASE WILL LIKELY BE DISMISSED OR TRANSFERRED TO THIS COURT**

Although PCM does not specifically request transfer, PCM's motion to dismiss asks this Court to consider the equities of this case continuing in South Carolina instead of California, thus effectively requesting a transfer of venue. Of course, in order to transfer venue, the venue requested must be proper. 28 U.S.C. § 1404(a) and § 1406 (in order to transfer venue, transfer must be to a district or division where it might have been brought).

South Carolina is not a proper venue because the Court there lacks personal and subject matter jurisdiction. In arguing that South Carolina is a proper venue, PCM ignores the threshold question of jurisdiction of that Court. The debate about venue is moot if the Court does not first have both personal jurisdiction over the defendants and subject matter jurisdiction over the case.

In moving for dismissal of this case, PCM fails to recognize the merits of Jif-Pak's arguments in South Carolina. [Haller Decl., Ex. C (Points and Authorities in Support of Motion to Dismiss) and D (Points and Authorities in Support of Reply to PCM's Opposition to Motion to Dismiss)]. The South Carolina case is likely to be dismissed entirely or transferred to California.

**1.** **The Court in South Carolina Cannot Exercise Personal Jurisdiction Over the Patent Owners, Neil and Marcus Mintz**

As explained to the South Carolina Court, patent owners Neil and Marcus Mintz, who have retained substantial rights in the patent, are indispensable parties to the litigation. See,

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1   *Mallinckrodt Medical, Inc. v. Sonus Pharmaceutical, Inc.*, 989 F. Supp. 265, 272 (D. D.C. 1998);

2   *Abbot Labs v. Diamedix Corp.*, 47 F.3d 1128, 1132-33 (Fed. Cir. 1995); *Proctor & Gamble Co.*

3   *v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 308 n. 3 (D. Del. 1995).

4        A finding of indispensability has been made in cases in the same declaratory judgment

5   procedural posture as the case in South Carolina. *See, Suprex Corp. v. Lee Scientific, Inc.*, 660 F.

6   Supp. 89, 93 (W.D. Penn. 1987); *American Elec. Power Service Corp. v. EC & C Tech, Inc.*,

7   2002 U.S. Dist. LEXIS 21994 (D. Ohio 2002) (dismissing patent declaratory judgment action

8   against patent licensee because indispensable patent owner was not subject to personal

9   jurisdiction); *Zumbro, Inc. v. California Natural Prods.*, 861 F. Supp. 773, 783 (D. Minn.

10  1994)(dismissing declaratory judgment patent claims against patent co-owner because other co-

11  owner was not subject to personal jurisdiction and was deemed indispensable).

12       Because the patent owners are indispensable, the South Carolina Court must have

13  personal jurisdiction over them. PCM attempted to find jurisdiction over Neil Mintz, the

14  president of patent licensee Jif-Pak, alleging that Neil Mintz has the requisite minimum contacts

15  in South Carolina because his actions through Jif-Pak caused PCM harm in its home state of

16  South Carolina. Fourth Circuit law, however, plainly holds that such contacts alone are not

17  sufficient for personal jurisdiction. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617 (4th Cir.

18  1997).

19       Furthermore, PCM did not make any argument about the reasons co-owner Marcus Mintz

20  is subject to personal jurisdiction in South Carolina. In order for the South Carolina case to

21  continue, therefore, PCM had to show that neither patent owner is an indispensable party. PCM

22  simply cannot do so – to decide issues that could alter the scope, application, and validity of a

23  patent without both the patent owners present would be fundamentally unfair.[2] *See Zumbro, Inc.*,

24  861 F. Supp. at 783 (dismissing declaratory judgment claims against patent co-owner because

25  ───────────────

26  [2] Although the South Carolina case does not include a claim for declaratory judgment of patent invalidity, PCM
    states in the present motion that "The California action raises identical issues to the earlier filed South Carolina
    action, focusing on the validity and enforcement of the '148 patent." [Defendants' Memorandum of Law in Support

27  of Defendants' Motion to Dismiss, at 2.] PCM later argues "Specifically regarding declaratory judgment actions
    filed to invalidate a patent..." [*Id.* at 3.] Therefore, although not yet specifically pled, PCM obviously considers the

28  validity of the patent at issue.

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1    other co-owner was not subject to personal jurisdiction and was deemed indispensable).

2        **2.**    <u>**The South Carolina Court Does Not Have Subject Matter Jurisdiction**</u>

3        Even if PCM succeeds in its argument that Neil and Marcus Mintz are not indispensable,

4    the Court in South Carolina would have before it only a non-exclusive licensee, Jif-Pak, as a

5    declaratory judgment defendant. A "bare licensee", who enjoys only a non-exclusive license and

6    has no right to exclude others, has no standing to bring a patent infringement action. *Abbot Labs*

7    *v. Diamedix Corp.*, 47 F.3d 1128, 1132-33 (Fed. Cir. 1995); *Ortho Pharm. Corp. v. Genetics*

8    *Inst., Inc.*, 52 F.3d 1026 (Fed. Cir. 1995). The Court would then lack subject matter jurisdiction

9    because there is no case or controversy between PCM and Jif-Pak. *Fina Research, S.A. v.*

10   *Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998) (If a defendant does not have legal interest in

11   the patent, and therefore could not bring suit for patent infringement, there is no actual

12   controversy which would support jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §

13   2201(1991)).

14       In sum, PCM cannot overcome the clear jurisdictional requirements to prevent the case

15   from being dismissed in or transferred from South Carolina.

16       Indeed, the Court in South Carolina seems to recognize the problem, noting in a recent

17   order that "A court need not rule on a pending motion to dismiss for lack of personal jurisdiction

18   if the court's decision to transfer the case renders the motion to dismiss moot." [Haller Decl.,

19   Ex. E (October 4, 2005 Order from Judge Herlong)]. The Court found that transfer may be

20   appropriate and ordered PCM to brief the issues of transfer to the Southern District of California

21   under either 28 U.S.C. § 1404 or § 1406.

22   **C.**    <u>**THE FIRST TO FILE RULE IS NOT APPLICABLE – THE PARTIES AND**</u>
     <u>**ISSUES ARE NOT IDENTICAL**</u>
23

24       As support for its position that venue is improper or should be transferred, PCM cites the

25   "first-to-file" rule. This rule provides that where two actions involving the same parties and

26   issues are filed in separate districts, the cases may be consolidated in the district where the first

27   action was filed. *Alltrade, Inc. v. Uniweld Products, Inc.* 946 F.2d 622, 628 (9th Cir. 1991). The

28   first-to-file rule may be disregarded in a court's discretion based on equitable factors including

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 05 CV 1470 L (AJB)

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1  but not limited to bad faith, anticipatory filing, forum shopping, judicial economy, or the

2  convenience of parties and witnesses.  Id.; 28 U.S.C. § 1404(a).

3         Notably, "[t]he most basic aspect of the first-to-file rule is that it is discretionary; 'an

4  ample degree of discretion, appropriate for disciplined and experienced judges, must be left to

5  the lower courts.'" *Alltrade, supra,* 946 F.2d at 628 (citing *Kerotest Mfg. Co. v. C-O-Two Fire*

6  *Equipment Co.,* 342 U.S. 180, 183-84; *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93,

7  95 (9th Cir.1982)).  The first to file principle "is not a rigid or inflexible rule to be applied

8  mechanically." *Serco Servs. Co. v. Kelley Co., Inc.,* 51 F.3d 1037 (Fed. Cir. 1995).  District

9  court judges can, in the exercise of their discretion, dispense with the first-filed principle for

10 reasons of equity.  *Alltrade,* 946 F.2d at 628.  In connection with procedural rules such as the

11 first-to-file principle, the Ninth Circuit has recognized that "[w]ise judicial administration, giving

12 regard to conservation of judicial resources and comprehensive disposition of litigation, does not

13 counsel rigid mechanical solution of such problems." *Id.*[3]

14      **1.     The South Carolina Action Was Not "Appropriately Filed"**

15         In making its first to file argument, PCM asserts that PCM appropriately filed the South

16 Carolina action and that venue in South Carolina is proper.  Jif-Pak does not take issue with the

17 proposition that a declaratory judgment action can be a proper procedure for determining patent

18 issues.  Jif-Pak does, though, strongly oppose the proposition that PCM's South Carolina

19 declaratory judgment action was appropriately filed and its representation to the Court that venue

20 in South Carolina is proper.  PCM has seen the evidence that neither patent owner is subject to

21 personal jurisdiction in South Carolina and that the South Carolina court lacks subject matter

22 jurisdiction without the patent owners.  Still, PCM continues to allege the action was

23 "appropriately filed" and filed this motion, knowing the case in South Carolina is likely to be

24 dismissed.

25

26 [3] *See also Church of Scientology v. united States Dep't of the Army,* 611 F.2d 738, 750 (9th Cir. 1979); *Codex Corp.
   v. Milgo Elect. Corp.,* 553 F.2d 735, 737 (1st Cir. 1977); *Crosley Corp. v. Westinghouse Elec. &Mfg. Co.,* 130 F.2d

27 474, 476 (3d Cir. 1942); *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 602 n. 3 (5th Cir. 1983); *Factors,
   Etc. Inc. v. Pro Arts, Inc.* 579 F.2d 215, 217, 219 (2d Cir. 1978); *Mattel, Inc. v. Louis Marx &Co.,* 353 F.2d 421, 424

28 n. 4 (2d Cir. 1965).

## 2. The Parties and Issues Are Not Identical

Application of the first to file rule requires that the two cases involve the same parties and issues. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). This threshold is not met by the two cases at issue here.

In these cases, neither the parties nor the issues are identical. This California case includes co-defendant DW, whom Jif-Pak has accused of direct patent infringement. DW is not a party in South Carolina.

PCM focuses its argument on the California case, asserting that because of a claimed but not tendered indemnity agreement, PCM and DW should somehow be considered the same defendant for identity purposes. PCM cites no authority for this proposition.

PCM's argument does not, however, address the fact that DW is not a party in South Carolina. Thus, the parties plainly are not the same. DW has not contested jurisdiction in California, but it is unclear if the Court in South Carolina would have jurisdiction over DW. Thus, although the first to file rule is ordinarily followed, "There are, however, caveats to the ordinary rule, turning on the 'facility' with which the cases can be tried and the certainty with which personal jurisdiction and venue can properly be acquired by the first court." *Signtech, Inc. v. Minnesota Mining & Manufacturing Co.*, 1989 U.S. Dist. LEXIS 17176, 15 USPQ2d 1143, 1144 (D. Md. 1989), *aff'd* 895 F.2d 1421 (Fed. Cir. 1990)(unpublished) (finding potential lack of jurisdiction over direct infringer, even though Court had jurisdiction over contributory infringer, a most important factor in deciding not to follow the first to file rule). In this case, there is no certainty with which personal jurisdiction and venue can be acquired by the South Carolina court either as to DW, the direct infringer, and, as discussed above, as to both patent owners Neil and Marcus Mintz.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 05 CV 1470 L (AJB)

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1    Although ignored by PCM, Jif-Pak has an interest in litigating against both PCM and

2  DW, on different legal theories.  Courts considering the customer suit exception to the first to file

3  rule have recognized the importance of the separate interest a patent owner may have in litigating

4  against both a manufacturer and the manufacturer's customer.[4]  "This principle appears

5  particularly relevant in a situation such as that presented in the case at bar, where the patent

6  owner seeks to hold the manufacturer liable solely only on a theory of inducement/contributory

7  infringement, claiming direct infringement only against the customer." *See, A.P.T., Inc. v. Quad*

8  *Environmental Technologies Corp., Inc.* 698 F. Supp. 718, 721 (N.D. Ill. 1988); *American*

9  *Academy of Science v. Novell, Inc.,* 1992 U.S. Dist. LEXIS 20145, 24 USPQ2d 1386 (N.D. Cal.

10  1992).

11    Due to the nature of the claims of the Mintz's patent, the manufacturer, PCM, is accused

12  of contributory and inducement of infringement and the customer, DW, is accused of direct

13  infringement.  In this case, Jif-Pak has a separate interest in litigating against both and under

14  different legal theories.  The absence of DW from the South Carolina case makes it obvious that

15  neither the parties nor the cases are identical.

16    In relying heavily on the *Pacesetter* case, PCM fails to acknowledge that the court in that

17  case specifically found that the parties and issues were identical.  *Pacesetter*, 678 F.2d at 96

18  (distinguishing the case from a customer suit case and finding "That situation is not present in

19  this case because the same parties are involved in both actions").

20    Furthermore, PCM's agreement to indemnify DW does not mean the parties are the same.

21  The South Carolina case does not include DW as a party at all.  Thus, PCM would not have any

22  claim to indemnify.  In order for the Mintz's to get full satisfaction for the infringement of their

23

24  _____

[4] The customer suit exception normally applies where the first-filed case is by the patentee against a mere customer

25  who re-sells the products of an infringing manufacturer.  The manufacturer subsequently files a declaratory
judgment action.  Because the manufacturer is considered the "real party in interest", the manufacturer's case is

26  preferred.  When a decision on the merits of an action between the manufacturer and the patent holder will resolve
the major issues as to the manufacturer's customers, the decision to give priority to the manufacturer's action is

27  proper.  *See Katz v. Lear Siegler, Inc.* 909 F.2d 1459, 1464 (Fed. Cir. 1990).  The exception is not applicable here
because the second-filed case was not the manufacturer's case and a decision on the merits of the action between Jif-

28  Pak and manufacturer PCM regarding PCM's inducement/contributory infringement would not necessarily resolve
the direct infringement issues between Jif-Park and DW.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 05 CV 1470 L (AJB)

1   patent, both the direct and inducement/contributory infringement needs to be addressed.

3.   **The Convenience of Parties and Witnesses Weighs In Favor Of A California Venue For PCM's Declaratory Judgment Action And Neil and Marcus Mintz's Infringement Claims**

"Normally, the forum non conveniens argument should be addressed to the court in the first-filed action." *Pacesetter,* 678 F.2d at 96 (finding the court in the second-filed action is not required to duplicate the inquiry). Notwithstanding this rule, because PCM has addressed the convenience issue, Jif-Pak and the Mintz's will briefly discuss it.[5]

The convenience of the parties and witnesses weighs in favor of a California venue. This case will focus on the infringement, validity and enforcement of the Mintz's patent.[6] Typical patent invalidity arguments include prior publication, prior patenting, prior sale, or prior use more than one year before the date of the patent application, under 35 U.S.C. § 102 or obviousness 35 U.S.C. § 103. Typical patent unenforceability arguments include lack of disclosure of material information to the U.S. Patent & Trademark Office during patent prosecution. *See, Molins PLC v. Textron, Inc.*, 48 F.3d 1172 (Fed. Cir. 1995). All documents and things related to such subjects are held by Neil and Marcus Mintz and licensee Jif-Pak in San Diego, California. [Neil Mintz Decl. ¶ 17]. Furthermore, records relating to damages will be located in California. [Neil Mintz Decl., ¶ 18].

In support of its argument that the case is more convenient in South Carolina, PCM argues that Jif-Pak has connections with South Carolina, completely failing to disclose to the Court that the patent owners have no connections with South Carolina. [Neil Mintz Decl., ¶ 8 – 16]. This is a patent-based case. Only Neil and Marcus Mintz can bring the patent infringement causes and only they can defend the declaratory judgment of non-infringement. Thus, the focus of the convenience of the parties should consider the patent owners heavily.

Furthermore, judicial economy and the interests of justice are met by maintaining venue in California. As explained above, the South Carolina case does not include alleged direct

---

[5] PCM/DW make a variety of factual allegations related to the parties, but failed to include a declaration or affidavit supporting the allegations.

[6] Invalidity and unenforceability of the patent has not yet been claimed by Defendants, but it appears based on Defendants' description of the case that they will make those claims.

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1  infringer DW as a party.  In order to completely resolve the patent infringement issues related to

2  PCM's product, DW should be an party.  Indeed, in order to show PCM's

3  inducement/contributory infringement, Jif-Pak will first have to show the patent has been

4  directly infringed. *See Microchem, Inv. v. Great Plains Chem. Co.*, 103 F.3d 1538 (Fed. Cir.

5  1997); *FMC Corp. v. Up-Right, Inc.*, 21 F.3d 1073 (Fed. Cir. 1994).

6       Thus, evidence from and about DW will be essential.  Although it is not absolutely

7  necessary that the direct infringer be joined as a party in order to prove inducement or

8  contributory infringement, *Refac Int'l, Ltd. v. IBM*, 798 F.2d 459 (Fed. Cir. 1986), it certainly

9  would lead to a more expeditious resolution of this entire case.  It is unclear if DW is subject to

10  jurisdiction in South Carolina, but it is clear that DW did not voluntarily join the case with PCM

11  there.

12       In order to avoid holding two highly similar cases, one in South Carolina against PCM

13  and one in California against DW related to the same product, it would be efficient to try the

14  cases at the same time in the same court.

15  **D.**   **BASED ON THE PENDING MOTION TO DISMISS IN SOUTH CAROLINA, A**
16  **DECISION ON THIS MOTION COULD BE STAYED**

17       In the alternative to denying PCM's motion to dismiss, Plaintiffs request that this Court

18  stay a decision on the motion until after a decision on Jif-Pak and the Mintz's motion to dismiss

19  in South Carolina.

20       As explained above, Neil and Marcus Mintz and Jif-Pak have a pending motion to

21  dismiss in South Carolina.  It would be reasonable for this Court to stay a decision on this motion

22  until after the South Carolina Court renders a decision on the motion pending there.[7]  If the South

23  Carolina Court dismisses the case, PCM's "first to file" argument to this Court is moot.  There

24  will no longer be two cases to compare.

25  / / / / /

26  / / / / /

27  ————————————————
[7] Plaintiffs' attorney, John Haller, contacted Defendants' attorney, Neil Smith, about stipulating to a stay regarding
28  this motion until after the South Carolina court made its decision. Mr. Smith refused to so stipulate.

## III.

## CONCLUSION

Defendants PCM and DW do not argue that this court does not have subject matter jurisdiction or personal jurisdiction over PCM or DW or that venue is improper in this District. The Court is really asked to effectively transfer the case, based on the equitable "first to file rule."

The problem with this argument, however, is that the Court in South Carolina is likely to rule that it does not have personal jurisdiction over the patent owners, Neil and Marcus Mintz. Without the patent owners, the Court in South Carolina does not have subject matter jurisdiction. Between the two venues, the California venue is likely the only venue where PCM/DW's declaratory judgment claims can be heard. Moreover, co-defendant DW is not a party in South Carolina, notably not joining the suit there with PCM. As an alternative to ruling on the present motion, Jif-Pak requests this Court stay a decision until after the Court in South Carolina decides its jurisdiction issues.

Even if this Court considers the first to file issue, the rule does not apply here because the parties and issues are not identical. Co-defendant DW is not a party in South Carolina, and this California case includes allegations of direct infringement against DW. Regardless of PCM's indemnification of DW, because DW is not a party in South Carolina, there is no claim for PCM to indemnify in South Carolina.

Furthermore, because PCM cannot meet the threshold requirements of personal and subject matter jurisdiction in South Carolina, the case there is not appropriately filed, regardless of whether any substantial events occurred there. Additionally, the balance of conveniences weighs in favor of California, as does judicial economy and the interests of justice.

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1    DW's direct infringement will necessarily be an issue in both cases.  It is certainly more efficient

2    to try the claims against DW for direct infringement and the claims against PCM for inducement

3    of and contributory infringement together.

4                                              Respectfully submitted,

5    Dated: October 21, 2005                   GORDON & REES LLP

6

7                                              By: _John R. Haller_____

8                                              John L. Haller
                                               Attorneys For Plaintiffs,
9                                              HF-PAK MANUFACTURING, INC.,
                                               NEIL MINTZ and MARCUS MINTZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 05 CV 1470 L (AJB)

JOHN L. HALLER (SBN: 61,392)
SUSAN B. MEYER (SBN: 204,931)
**GORDON & REES LLP**
101 West Broadway
Suite 1600
San Diego, CA 92101
Phone:        (619) 696-6700
Facsimile:    (619) 696-7124

Attorneys For: Plaintiff,
NEIL MINTZ, MARCUS MINTZ, and .
JIF-PAK MANUFACTURING, INC.

ORIGINAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ, an individual; and MARCUS MINTZ, an individual; and JIF-PAK MANUFACTURING,INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> Dietz & Watson, Inc., a Pennsylvania corporation; and PACKAGE CONCEPTS & MATERIALS, INC., a South Carolina corporation, <br><br> Defendants. | CASE NO. 05 CV 1470 L (AJB) <br><br> **PROOF OF SERVICE BY PERSONAL DELIVERY** <br><br> DATE:      November 7, 2005 <br><br> TIME:      10:30 a.m. <br><br> PLACE:    COURTROOM 4 <br><br> JUDGE:    HON. M. JAMES LORENZ <br><br> MAGISTRATE JUDGE: HON.  ANTHONY J. BATTAGLILA |

I, Vickie Cafferky, declare that I am over the age of eighteen (18) years and not party to the case. I am employed in the County of San Diego, where the mailing occurs; and my business address is the Law Offices of Gordon & Rees LLP, 101 West Broadway, Suite 1600, San Diego, California 92101.

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

On October 21, 2005, I caused to be served the following documents described as:

1. PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS;

2. DECLARATION OF NEIL MINTZ IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS;\

3. DECLARATION OF JOHN L. HALLER IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

to be personally delivered to counsel as follows:

> Jonathan Hangartner, Esql
> SHEPPARD MULLIN RICHTER & HAMPTON LLP
> 501 West Broadway, 19th Floor
> San Diego, CA  92101-3598

and served by mail by placing said documents in an envelope addressed as follows with first class postage fully prepaid, and placed for pickup according to our office policies to be deposited in the U.S. Mail:

> Neil A. Smith, Esq.
> SHEPPARD MULLIN RICHTER & HAMPTON LLP
> 4 Embarcadero Center, 17th Floor
> San Francisco, CA  94111-4106

I declare on penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed on October 21, 2005, in the City of San Diego, State of California.

Vickie Cafferky

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

2

## PROOF OF SERVICE

I, _____, declare that I am over the age of eighteen (18) years and not party to the case. I am employed by American Messenger Service. My business address is 2870 4th Avenue, Suite 102, San Diego, CA 92103.

On _____, I personally served the following documents described as:

1. PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS;

2. DECLARATION OF NEIL MINTZ IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS;\

3. DECLARATION OF JOHN L. HALLER IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

on counsel at the address indicated below:

> Steven G. Amundson, Esq.
> WHITE & OLIVER
> 550 West C Street, Suite 950
> San Diego, CA 92101-3551

I declare on penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed on October 21, 2005, in San Diego, State of California.

_____

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101