















RYC    11/2/05    11:05

3:05-CV-01470   MINTZ V. DIETZ AND WATSON INC

*13*

*RPLYOPPM.*

1 | NEIL A. SMITH, Cal. Bar No. 63777
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2 |   A Limited Liability Partnership
  Including Professional Corporations
3 | 4 Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
4 | Telephone:   415-434-9100
Facsimile:   415-434-3947
5 |
JONATHAN HANGARTNER, Cal. Bar No. 196268
6 |   SHEPPARD MULLIN RICHTER & HAMPTON LLP
501 West Broadway, 19th Floor
7 | San Diego, California 92101-3598
Telephone:   619-338-6500
8 | Facsimile:   619-234-3815

9 | Attorneys for Defendants DIETZ & WATSON,
INC. and PACKAGE CONCEPTS &
10 | MATERIALS, INC.

**FILED**

OCT 31 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

11 |

12 | UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

13 |

14 |

15 | NEIL MINTZ, an individual;
MARCUS MINTZ, an individual; and
16 | JIF-PAK MANUFACTURING, INC.,
a California corporation,

17 |                      Plaintiffs,
            v.
18 |
DIETZ & WATSON, INC.,
19 | a Pennsylvania corporation; and
PACKAGE CONCEPTS & MATERIALS,
20 | INC., a Southern Carolina corporation,

21 |                      Defendants.

22 |

Case No. 05 CV 1470 L (AJB)

**DEFENDANTS' REPLY TO
PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO
DISMISS**

**(Oral Hearing Requested)**

Date:      November 7, 2005
Time:      10:30 a.m.
Ctrm:      14
Judge:    Hon. M. James Lorenz

[Complaint Filed:  July 22, 2005]

23 |          The Defendants, Package Concepts & Materials, Inc. ("PCM") and Dietz &

24 | Watson, Inc. ("DW"), respectfully submit the following Reply to Plaintiffs' Opposition to

25 | Defendants' Motion to Dismiss.  For the reasons that follow, PCM's Motion should be

26 | granted.

27 |

28 |

*13*

W02-SD:8JH2\51398258.1

-1-

*ORIGINAL*

CASE NO. 05 CV 1470 L (AJB)

# I.

## BACKGROUND.

In order to accurately represent the actions which led up to this lawsuit, it must be clarified that JIF-PAK, through its lawyers and other representatives, contacted at least Specialty Foods Group, Inc. ("SFG") on two separate occasions over a year apart to demand that SFG immediately cease purchasing allegedly infringing product from Package Concepts. Plaintiffs are obviously attempting to downplay the threats that they made to SFG and others by characterizing the cease and desist letters which motivated Defendant, PCM, to file the declaratory judgment action in South Carolina as "promotional notification." These letters are not mere "promotional notification" as Plaintiffs now suggest. Instead, the letters, which purported to "offer [SFG] the opportunity to discuss with Jif-Pak Manufacturing, Inc., various options to avoid Infringement of the '148 Patent...in order to avoid the expense and the time required to litigate this infringement..." must be recognized as cease and desist letters created solely to warn the recipients of possible litigation. See, Ex. A to Defendants' Motion to Dismiss.

These letters were signed and sent by Plaintiffs' current counsel not only to SFG but also to a number of PCM's other customers, including DW, Publix Supermarkets, Inc. and Gusto Packing. PCM became informed of the letters shortly after the letters were received by each of these companies. Based on the numerous representations made by Plaintiffs' counsel that JIF-PAK was the owner of the '148 patent, PCM filed the declaratory action now pending in the United States District Court for the District of South Carolina shortly after SFG received the second letter from Plaintiffs' counsel raising allegations of patent infringement. Plaintiffs did nothing to "correct" the misrepresentations made in any or all of these letters regarding JIF-PAK's ownership of the '148 patent until three months later, on July 22, 2005, the same day when JIF-PAK, Neil Mintz and Marcus Mintz ("the Mintzes") filed the above-captioned action alleging

1 | patent infringement against PCM and DW. More importantly, as of the filing of this

2 | Reply, JIF-PAK was still claiming to the general public to be the developer of the patented

3 | product being sold by the company and the owner of the '148 patent. See, JIF-PAK's web

4 | pages at http://www.jifpak.com and http://www.jifpak.com/elasticnetting.shtml.

5 |

6 | **II.**

7 | **LAW AND ANALYSIS.**

8 |

9 | **A.     The District of South Carolina is an appropriate venue for this case.**

10 |

11 |          Plaintiffs have agreed that issues of patent validity and enforcement may be

12 | resolved through a declaratory judgment action. PCM's declaratory judgment action was

13 | appropriately filed based on the multiple assertions of JIF-PAK's own attorney that JIF-

14 | PAK was the rightful owner of the '148 patent. JIF-PAK has also transacted business in

15 | South Carolina, having customers in the state as recently as two years ago. PCM

16 | maintains that the South Carolina court may assert personal jurisdiction over Neil Mintz

17 | and the President of JIF-PAK and the person having control over the actions of his

18 | licensee, including the decision to send the letters to PCM that unambiguously identified

19 | JIF-PAK as the owner of the '148 patent and led to the actions at issue. This decision and

20 | the acts of sending the letters constitute purposeful conduct which directly caused harm to

21 | PCM in its home state of South Carolina and provides a basis for jurisdiction and venue of

22 | the case in the state. This aspect distinguishes this case from ESAB Group, Inc. v.

23 | Centricut, Inc., 126 F.3d 617 (4th Cir. 1997). The Fourth Circuit has not ruled against the

24 | assertion of jurisdiction under such facts.

25 |

26 |          In reliance on valid authority, PCM has also argued to the South Carolina

27 | Court that Marcus Mintz is not an indispensable party to the declaratory judgment

28 | litigation, and that the South Carolina case may move forward in his absence. Marcus

- 3 -

1   Mintz's interests would necessarily be protected by JIF-PAK and Neil Mintz in any case.

2   PCM has been prevented from initiating any discovery, but is informed and believes that

3   Marcus Mintz is an original founder of JIF-PAK.  By his own testimony, Marcus Mintz

4   retains a 30% shareholder interest in the company, and is now retired from the company.

5   It is most likely that Neil Mintz and Marcus Mintz are the majority shareholders in the

6   company.

7

8          JIF-PAK must have the dominant interest at stake in defending the validity

9   and alleged infringement of the '148 patent, since it manufactures, markets and sells the

10  product that is protected by the '148 patent, provides Neil Mintz with employment, and

11  Marcus Mintz with retirement income.  The Mintzes cannot convincingly argue that they

12  have retained their rights in the patent in order to license the technology elsewhere or to go

13  into business for themselves, either case in direct competition with JIF-PAK and their own

14  considerable interests.  Marcus Mintz's rights cannot supersede either JIF-PAK's or Neil

15  Mintz's, but are aligned with both as far as the validity and enforcement of the '148 patent

16  is concerned.  Marcus Mintz's rights would necessarily be protected by JIF-PAK and Neil

17  Mintz, even if he was absent from the case.

18

19         In sum, PCM has demonstrated that the South Carolina court may assert

20  personal jurisdiction over JIF-PAK and Neil Mintz, and that the case may move forward

21  without Marcus Mintz because he is not indispensable to the litigation.  PCM reiterates

22  that South Carolina is an appropriate venue for the case because it is where the alleged

23  infringer resides and has its principle place of business for the manufacture of the allegedly

24  infringing product.  South Carolina is also where JIF-PAK and Neil Mintz purposefully

25  directed their activities which led to a loss of $100,000 in revenue to PCM.  For these

26  reasons, venue of the action is proper in South Carolina.

27

28

- 4 -

**B.     The "first to file rule" is applicable to this case.**

PCM did not fail to acknowledge the finding of identity between the parties and issues in the Pacesetter case. <u>Pacesetter Systems Inc. Inc. v. Medtronic, Inc.</u>, 678 F.2d 93 (9th Cir. 1982). Pacesetter was cited by PCM because it is similar to the above-captioned case for having a manufacturer and a patent owner involved as opposing parties in separately filed patent infringement and declaratory judgment actions. <u>Id.</u> PCM specifically noted that the parties in that case had agreed that the two actions involved identical parties and issues. <u>Id.</u> at 94. Whatever the understanding between the parties, the Ninth District Court held that the two actions raised identical issues focusing on patent validity and enforcement. <u>Id.</u> at 95. [1]

Complete identity of the competing suits has not been required to support a finding that the first to file rule should apply. The <u>Pacesetter</u> case itself establishes this fact by only requiring identity in the issues raised by two different types of actions. Citing to <u>Pacesetter</u>, among other cases, the Fifth Circuit has relied on "substantial overlap on the substantive issues" as support for application of the first to file rule. <u>West Gulf Maritime Assoc. v. ILA Deep Sea Local 24</u>, 751 F.2d 721 (5th Cir. 1985). In so doing, the Fifth Circuit further noted "[t]he District of Columbia has affirmed dismissal of a second filed action where the first-filed action presented a 'closely related question.'" <u>West Gulf</u>, 751 F.2d at 729, citing <u>Washington Metropolitan Area Transit Authority v. Ragonese</u>, 617 F.2d 828, 830 (D.C. Cir. 1980).

---

[1]     Invalidity of the patent has been claimed by PCM's statement that the action filed against Defendants is an action for declaratory judgment of invalidity and non-infringement of U.S. Patent No. 5,413,148 (the '148 patent). <u>See</u>, PCM's First Amended Complaint, ¶ 5. Validity of the '148 patent is also called into question by PCM's allegations that a present and continuing justiciable controversy exists as to whether any of PCM's products infringe any valid claim of the '148 patent, and that no valid claim of the '148 patent is infringed by PCM's products. <u>See</u>, PCM's First Amended Complaint, ¶¶ 12-13.

1    PCM maintains that inclusion of DW in the California action does not
2  destroy the identity of parties between the South Carolina and California actions based on
3  PCM's agreement to indemnify DW and provide DW's defense. PCM recently received
4  the signed copy of the indemnification agreement from DW, a copy of which is attached as
5  Exhibit A to the Declaration of Jonathan Hangartner. However, to eliminate this issue,
6  PCM intends to move for joinder of DW as a party plaintiff to the South Carolina
7  declaratory judgment action pursuant to Federal Civil Rule of Procedure 20.[2]

8

9    Federal Rule of Civil Procedure 20(a), permits the joinder of all parties to an
10  action as plaintiffs where all parties are entitled to relief arising out of the same
11  transaction, occurrence, or series of transactions or occurrences and where any common
12  question of law or fact will arise in the action. Both this action and the South Carolina
13  declaratory judgment action arise from allegations of patent infringement first raised by
14  JIF-PAK in correspondence sent by Defendant JIF-PAK to DW and other purchasers of
15  PCM's products. PCM filed the above-captioned action on the basis of these letters, which
16  it obtained from DW and other customers. Clearly, PCM's and DW's causes of action
17  arise from the same transaction or occurrence and involve common questions of law and
18  fact. Joinder of DW to the South Carolina action will produce identity of issues and
19  complete parties between the two cases now pending between the parties, and dictates that
20  the above-captioned case should be dismissed in favor of the earlier filed declaratory
21  judgment action.

22

23    Application of the first to file rule to cause in a dismissal of the above
24  captioned case will most efficiently move the parties toward a resolution of the issues by
25  allowing the first filed declaratory judgment action to progress. Moreover, for the obvious

26

27  [2]    PCM was unable to consult with DW prior to the filing of this Reply, but anticipates
that DW will consent to the joinder.
28

1  reasons previously stated by PCM, the balance of convenience analysis favors proceeding

2  with the case in South Carolina, which is nearer to the corporate officers and employees of

3  PCM, DW, Publix Supermarkets, Inc. and Gusto, Inc., who will likely serve as witnesses

4  and possess the documents relevant to alleged infringement of the '148 patent.[3]

5

6                                    III.

7                               CONCLUSION.

8

9         For the foregoing reasons and the reasons previously stated in Defendants'

10  Motion to Dismiss, Defendants Package Concepts & Materials, Inc. and Dietz & Watson,

11  Inc. respectfully renew their request for the above-captioned action to be dismissed with

12  prejudice.

13

14                          Respectfully submitted,

15  DATED:  October *3/*, 2005      SHEPPARD MULLIN RICHTER & HAMPTON LLP

16

17                          By    _____

18                                   JONATHAN HANGARTNER

19                                 Attorneys for Defendants
20                             DIETZ & WATSON, INC. and PACKAGE
                               CONCEPTS & MATERIALS, INC.
21

22

23

24

25

26  _____
    [3]
27         The parties have not done any discovery, but geography indicates that South
       Carolina is the closer, and more convenient, jurisdiction for all parties and witnesses
28     except JIF-PAK and the Mintzes.

                                    -7-