















```
SMV    1/26/06    14:20
3:05-CV-01470   MINTZ V. DIETZ AND WATSON INC
*25*
*ANS/CNT.*
```

FILED  ORIGINAL
05 JAN 23 PM 4:20
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

1  Michaela L. Sozio, Esq., SBN 179148
   Tressler, Soderstrom, Maloney & Priess
2  1901 Avenue of the Stars, Suite 450
   Los Angeles, California 90067
3  Telephone:  310-203-4800
   Facsimile:  310-203-4850
4
5  Attorneys for Defendants JIF-PAK
   MANUFACTURING, INC., NEIL MINTZ
   And MARCUS MINTZ
6
7  John L. Haller, Esq., SBN 61392
   Gordon & Rees, LLP
8  101 West Broadway, Suite 1600
   San Diego, California 92101
   Telephone:  619-696-6700
9  Facsimile:  619-969-7124
10 Attorneys for Counter-Claimants JIF-PAK
   MANUFACTURING, INC., NEIL MINTZ
11 And MARCUS MINTZ

12              UNITED STATES DISTRICT COURT
13              SOUTHERN DISTRICT OF CALIFORNIA        "BY FAX"

14 NEIL MINTZ, an individual; and          ) Case No. 05 CV 1470 L (AJB)
   MARCUS MINTZ, an individual; and JIF-   ) Consolidated with
15 PAK MANUFACTURING, INC., a              ) Case No. 05 CV 2200
   California corporation,                 )
16                                         )
                Plaintiffs,                ) ANSWER OF DEFENDANTS NEIL MINTZ,
17         vs.                             ) MARCUS MINTZ AND JIF-PAK
                                           ) MANUFACTURING, INC. TO PLAINTIFF
18 DIETZ & WATSON, INC., a                 ) PACKAGE CONCEPTS & MATERIALS,
   Pennsylvania corporation and            ) INC.'S FIRST AMENDED COMPLAINT;
19 PACKAGE CONCEPTS & MATERIALS,           ) COUNTER-CLAIM FOR PATENT
   INC., a South Carolina corporation,     ) INFRINGEMENT; DEMAND FOR JURY
20                                         ) TRIAL
                Defendants.                )
21                                         ) Judge:     Hon. M. James Lorenz
                                           )
22                                         ) Magistrate
                                           ) Judge:     Hon. Anthony J.
23                                         ) Battaglia
24
25
26
27
28

                              1
                                              ANSWER; COUNTER-CLAIM;
                                              DEMAND FOR JURY TRIAL

| | |
|---|---|
| PACKAGE CONCEPTS & MATERIALS, INC., | ) |
| Plaintiffs, | ) |
| vs. | ) |
| JIF-PAK MANUFACTURING, INC., a California corporation; NEIL MINTZ, an individual; MARCUS MINTZ, an individual, | ) |
| Defendants. | ) |

Defendants NEIL MINTZ, MARCUS MINTZ and JIF-PAK MANUFACTURING, INC. (hereinafter collectively referred to as "Jif-Pak") hereby answers, for themselves only, the unverified First Amended Complaint of Plaintiff PACKAGE CONCEPTS & MATERIALS, INC. (hereinafter referred to as "PCM") as follows:

## PARTIES

1.  Jif-Pak is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of the First Amended Complaint, and on that basis denies the allegations contained therein.

2.  Jif-Pak admits that it is a California corporation with its principal place of business in the County of San Diego. Jif-Pak denies the remaining allegations contained in paragraph 2 of the First Amended Complaint.

3.  Jif-Pak admits the allegations contained in paragraph 3 of the First Amended Complaint.

4.  Jif-Pak admits the allegations contained in paragraph 4 of the First Amended Complaint.

## JURISDICTION AND VENUE

5.  Jif-Pak admits that the present action purports to arise under the laws of the United States. Jif-Pak further admits that the Court has subject matter jurisdiction over the first, and only, claim for relief. Except as so admitted, Jif-Pak denies the allegations of paragraph 5 of the First Amended Complaint.

6.  Jif-Pak denies the allegations of paragraph 6 of the First Amended Complaint.

7. Jif-Pak admits that venue in this district purports to be based upon 28 U.S.C. §1391(b) and (c). Except as so admitted, Jif-Pak denies the allegations of paragraph 7 of the First Amended Complaint.

## COUNT ONE

(Declaratory Judgment – Non-infringement – U.S. Patent No. 5,413,148)

8. Jif-Pak admits that on May 9, 1995, U.S. Patent No. 5,413,148 issued to Neil and Marcus Mintz for a "Casing Structure for Encasing Meat Products."

9. Jif-Pak admits that it is a licensee of U.S. Patent No. 5,413,148. Jif-Pak denies the remaining allegations contained in paragraph 9 of the First Amended Complaint.

10. Jif-Pak denies the allegations contained in paragraph 10 of the First Amended Complaint.

11. Jif-Pak admits the allegations contained in paragraph 11 of the First Amended Complaint.

12. Jif-Pak admits that it has made written assertions that PCM's customer, Specialty Foods Group, Inc., is infringing the '148 patent. Jif-Pak is without sufficient information or knowledge to form a belief as to the truth of whether PCM had at the time of filing the complaint a reasonable apprehension of being sued for infringement of the '148 patent, and on this basis denies this allegation and the remaining allegations contained in paragraph 12 of the First Amended Complaint.

13. Defendants deny the allegation contained in paragraph 13 of the First Amended Complaint.

## COUNT TWO

(Tortious Interference with Contract)

14. Jif-Pak incorporates its responses to paragraphs 1 through 13, inclusive, as through fully set forth herein.

15. Jif-Pak is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of the First Amended

3

Complaint, and on that basis denies the allegations contained therein.

16. Jif-Pak is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 16 of the First Amended Complaint, and on that basis denies the allegations contained therein.

17. Jif-Pak admits that it advised third parties that Plaintiff was infringing upon Defendant's patent, but Jif-Pak denies the remainder of the allegations set forth in paragraph 17 of the First Amended Complaint.

18. Jif-Pak denies the allegations contained in paragraph 18 of the First Amended Complaint.

19. Jif-Pak denies the allegations contained in paragraph 19 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

20. As a first and separate affirmative defense, the First Amended Complaint fails to state a cause of action upon which relief should be granted and should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

21. As a second and separate affirmative defense, some or all of Plaintiff's claims are barred by Plaintiff's failure and refusal to mitigate its alleged damages at all relevant times herein.

### THIRD AFFIRMATIVE DEFENSE

(Estoppel)

22. As a third and separate affirmative defense, some or all of Plaintiff is barred by the doctrine of estoppel from recovering any relief by virtue of its own acts, conduct, and statement, upon which these answering defendants have relied to its prejudice and detriment

4

ANSWER; COUNTER-CLAIM;
DEMAND FOR JURY TRIAL

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

23. As a fourth and separate affirmative defense, Plaintiff's First Amended Complaint is barred as Plaintiff has waived any right to obtain its requested relief as a result of its own acts, conduct, and/or omissions.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

24. As a fifth and separate affirmative defense, Plaintiff's First Amended Complaint, and each and every cause of action alleged therein, is barred by the equitable doctrine of latches.

## SIXTH AFFIRMATIVE DEFENSE

### (Justification)

25. As a sixth and separate affirmative defense, these answering Defendants were justified in contacting third parties regarding infringement of Defendants' patent.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

26. As a seventh and separate affirmative defense, Plaintiff's First Amended Complaint is barred under the doctrine of unclean hands by virtue of the conduct of Plaintiff in causing Plaintiff's alleged injuries and damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Affirmative Defenses)

27. Jif-Pak may have other affirmative defenses which are not known at this time, but which may become known through discovery. Jif-Pak asserts each and every affirmative defense that may be ascertained though future discovery herein.

WHEREFORE, Defendants prays as follows:

1. That Plaintiff takes nothing by way of its First Amended Complaint;

1     2.     That the First Amended Complaint be dismissed in its entirety,
2 with prejudice;
3     3.     That Jif-Pak be awarded its costs and reasonable attorneys' fees
4 allowed by law; and
5     4.     That the Court award other relief as the Court deems just and
6 proper.
7 Dated: January 23, 2006   TRESSLER, SODERSTROM, MALONEY & PRIESS

BY: _____
MICHAELA L. SOZIO, ESQ.
Attorneys for Defendants NEIL MINTZ, MARCUS MINTZ
and JIF-PAK MANUFACTURING, INC.

6

ANSWER; COUNTER-CLAIM;
DEMAND FOR JURY TRIAL

# COUNTERCLAIMANTS COUNTERCLAIM

In accordance with, inter alia, Fed. R. Civ. P., Rule 13, Defendants – Counterclaimants, Neil Mintz, Marcus Mintz, and Jif-Pak Manufacturing, Inc. allege against Counterclaim Defendant, Package Concepts and Materials, Inc. (PCM) as follows:

## I.

## JURISDICTION

1. Counterclaimants' counterclaim arises under the United States patent laws, 35 U.S.C. §100 et seq., and this Court has jurisdiction under 28 U.S.C. §§1331 and 1338(a).

## II.

## VENUE

2. Counterclaimants are informed and believe that this is the proper venue under 28 U.S.C. §§ 1391(b) and (c), and 1400 because PCM is subject to personal jurisdiction in this judicial district, the products of the infringing activities, as alleged herein below, are advertised and sold within this judicial district and PCM is doing business in this Judicial District. Counterclaimants are further informed and believe that PCM will admit to the jurisdiction of this court.

## III.

## THE PARTIES

3. Neil Mintz is an individual, residing in the County of San Diego.

4. Marcus Mintz is an individual, residing in the County of San Diego.

5. Jif-Pak Manufacturing, Inc. is a California corporation with its principal place of business in the County of San Diego.

6. Upon information and belief, Counterclaim Defendant PCM is a South Carolina corporation, with a principal place of business in Greenville, South Carolina.

## IV.

## COUNTERCLAIM FOR PATENT INFRINGEMENT

ANSWER; COUNTER-CLAIM;
DEMAND FOR JURY TRIAL

7. On May 9, 1995, United States Letters Patent No. 5,413,148 (the '148 patent) entitled Casing Structure for Encasing Meat Products (hereinafter "patented invention") issued to co-inventors and co-owners Neil Mintz and Marcus Mintz. Neil and Marcus Mintz have co-owned since issuance, and continue to own, the '148 patent. Counterclaimants Neil Mintz and Marcus Mintz have licensed the right to make, have made, use, sell and advertise the invention claimed in the '148 patent to Counterclaimant Jif-Pak Manufacturing, Inc.

8. The '148 patent relates to a tubular casing for meat product having a stockinette member with a knit tubular member formed of threads and a netting arrangement which is intricately formed with the stockinette member. The netting arrangement may either be knit in with the stockinette member or the strands of the knitting arrangement may be laid in.

9. Counterclaimants are informed and believe, and on that basis allege, that Counterclaim Defendant has been and is now directly infringing, contributing to the infringement and/or inducing others to infringe the '148 patent by practicing the patented invention, selling components which have no substantial non-infringing use, and/or knowingly teaching others to practice the patented invention.

10. Counterclaimants are informed and believe that Counterclaim Defendant's infringement is willful, malicious and without regard to the rights of Counterclaimants.

11. Counterclaimants have been harmed, are presently being harmed, and will continue to be harmed by Counterclaimants' actions. Counterclaimants are further informed and believe that such practice will continue unless enjoined by this Court.

**PRAYER**

WHEREFORE, Counterclaimants pray the Court for the following relief;

1. That Counterclaim Defendant, their subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons

8

ANSWER; COUNTER-CLAIM;
DEMAND FOR JURY TRIAL

1 acting in concert or in participation with them, or any of them, be preliminarily enjoined
2 during the pendency of this action, and permanently enjoined thereafter from
3 infringing, contributing to the infringement of, and inducing infringement of the '148
4 patent, and specifically from directly or indirectly making, using, marketing,
5 advertising, offering for sale, or selling and distributing devices embodying the
6 inventions of the '148 patent during the life of the '148 patent without express written
7 authority of Counterclaimants.

8     2.    That Counterclaim Defendant be ordered to deliver to Counterclaimants
9 for destruction at Counterclaimants' option, their entire inventory of products that
10 infringe the '148 patent.

11     3.    That Counterclaim Defendant be directed to fully compensate
12 Counterclaimants for all damages attributable to Counterclaim Defendant's infringement of '148 patent in an amount according to proof at trial.

13     4.    For an accounting of such damages.
14     5.    That such damages be trebled.
15     6.    An award of attorneys' fees, interest and costs against Counterclaim
16 Defendant.

17     7.    For such other and further relief as the Court may deem just and proper.

Dated: January 23, 2006    GORDON & REES LLP

BY: _____
JOHN HALLER, ESQ.
Attorneys for Counter-Claimants NEIL MINTZ,
MARCUS MINTZ and JIF-PAK MANUFACTURING, INC.

87404 (#443-125)

9

ANSWER; COUNTER-CLAIM;
DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Jif-Pak hereby demands trial by jury of every issue that is triable by jury.

Dated: January 23, 2006   TRESSLER, SODERSTROM, MALONEY & PRIESS

BY: _____
MICHAELA L. SOZIO, ESQ.
Attorneys for Defendants NEIL MINTZ, MARCUS MINTZ
and JIF-PAK MANUFACTURING, INC.

Dated: January 23, 2006   GORDON & REES LLP

BY: _____
JOHN HALLER, ESQ.
Attorneys for Counter-Claimants NEIL MINTZ, MARCUS
MINTZ and JIF-PAK MANUFACTURING, INC.

## PROOF OF SERVICE

*Neil Mintz, et al. v. Dietz & Watson, Inc., et al.*
United States District Court, Southern District of California
Case No. 05 CV 2200
Consolidated with Case No. 05 CV 1470 L (AJB) (Lead Case)
TSMP File No. 443-125

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006. Upon this day, I served a copy of the attached **ANSWER OF DEFENDANTS NEIL MINTZ, MARCUS MINTZ AND JIF-PAK MANUFACTURING, INC. TO PLAINTIFF PACKAGE CONCEPTS & MATERIALS, INC.'S FIRST AMENDED COMPLAINT; COUNTER-CLAIM FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL** on the attorneys of record by placing a true and correct copy thereof to party(ies) listed as shown below:

### PLEASE SEE MASTER SERVICE LIST

**XXX VIA FIRST-CLASS MAIL** - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it will be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

EXECUTED on January 23, 2006, at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Lucille R. Aguiluz

1

PROOF OF SERVICE

## MASTER SERVICE LIST

*Package Concepts & Materials, Inc. v. Jif-Pak Manufacturing, Inc., et al.*
United States District Court, Southern District of California
Case No. 05 CV 2200 LAB (LSP)
TSMP File No. 443-125

| Attorneys for Plaintiff PACKAGE CONCEPTS & MATERIALS, INC.<br><br>John B. Hardaway, III, Esq.<br>Nexsen Pruet, LLC<br>P.O. Box 10648<br>Greenville, S.C. 29603-0648<br>Telephone: (864) 370-2211<br>Facsimile: (864) 282-1177 | Co-Counsel for JIF-PAK MANUFACTURING, INC., NEIL MINTZ & MARCUS MINTZ<br><br>John L. Haller, Esq.<br>Gordon & Rees, LLP<br>101 West Broadway, Suite 1600<br>San Diego, CA 92101<br>Telephone: (619) 696-6700<br>Facsimile: (619) 696-7124 |
|---|---|
| Attorneys for Defendants DIETZ & WATSON, INC. and PACKAGE CONCEPTS & MATERIALS, INC.<br><br>Neil A. Smith, Esq.<br>Sheppard Mullin Richter & Hampton, LLP<br>4 Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4106<br>Telephone: (415) 434-9100<br>Facsimile: (415) 434-3947 | Attorneys for Defendants DIETZ & WATSON, INC. and PACKAGE CONCEPTS & MATERIALS, INC.<br><br>Jonathan Hangartner, Esq.<br>Sheppard Mullin Richter & Hampton, LLP<br>501 West Broadway, 19th Floor<br>San Diego, CA 92101-3598<br>Telephone: (619) 338-6500<br>Facsimile: (619) 234-3815 |
| Counsel for JIF-PAK MANUFACTURING, INC., NEIL MINTZ & MARCUS MINTZ<br><br>Jackie A. Criswell, Esq.<br>Tressler, Soderstrom, Maloney & Priess<br>    Sears Tower, 22nd Floor<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 627-4000<br>Facsimile: (312) 627-1717 | |