Case 3:05-cv-01470-L -CAB   Document 27   Filed 01/25/06   Page 1 of 9
USDC SCAN INDEX SHEET










SMV    1/26/06    15:56

3:05-CV-01470   MINTZ V. DIETZ AND WATSON INC

*27*

*ANS.*

```
                                              FILED
1  NEIL A. SMITH, Cal. Bar No. 63777
   SHEPPARD MULLIN RICHTER & HAMPTON LLP      06 JAN 25 PM 4:29
2    A Limited Liability Partnership
     Including Professional Corporations      CLERK, U.S. DISTRICT COURT
3  4 Embarcadero Center, 17th Floor           SOUTHERN DISTRICT OF CALIFORNIA
   San Francisco, California 94111-4106
4  Telephone:  415-434-9100
   Facsimile:  415-434-3947                              DEPUTY
5
   JONATHAN HANGARTNER, Cal. Bar No. 196268
6  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   501 West Broadway, 19th Floor
7  San Diego, California 92101-3598
   Telephone:  619-338-6500
8  Facsimile:  619-234-3815

9  JOHN B. HARDAWAY, III, Fed. Bar No. 1710
   NEXSEN PRUET, LLC
10 201 West McBee Avenue, Suite 400
   Post Office Drawer 10648
11 Greenville, South Carolina 29603
   Telephone:  864-370-2211
12
   Attorneys for Defendants DIETZ & WATSON,
13 INC. and PACKAGE CONCEPTS &
   MATERIALS, INC.
14
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ, an individual;<br>MARCUS MINTZ, an individual; and<br>JIF-PAK MANUFACTURING, INC.,<br>a California corporation,<br><br>          Plaintiffs,<br>  v.<br><br>DIETZ & WATSON, INC.,<br>a Pennsylvania corporation; and<br>PACKAGE CONCEPTS & MATERIALS,<br>INC., a Southern Carolina corporation,<br><br>          Defendants. | Case No. 05 CV 1470 L (AJB)<br>(Consolidated with Case No. 05 CV 2200)<br><br>**DIETZ & WATSON, INC.'S ANSWER TO COMPLAINT**<br><br>Date:<br>Time:<br>Ctrm:   14<br>Judge:  Hon. M. James Lorenz<br><br>[Complaint Filed: July 22, 2005] |

W02-SD:8JH2\51407399.1

**27**

**ORIGINAL**

CASE NO. 05 CV 1470 L (AJB)
(Consolidated with Case No. 05 CV 2200)

| | |
|---|---|
| 1 | |
| 2 | PACKAGE CONCEPTS & MATERIALS, INC., |
| 3 | Plaintiffs, |
| 4 | v. |
| 5 | JIF-PAK MANUFACTURING, INC., a California corporation; |
| 6 | NEIL MINTZ, an individual; MARCUS MINTZ, an individual, |
| 7 | Defendants. |

9  Comes now Defendant Dietz & Watson, Inc., and answers the complaint in
10 the above-identified action as follows:

## I.

## JURISDICTION

1. This is a civil action for patent infringement, contributory infringement and inducement to infringe which arises under the Patent Laws of the United States, namely Title 35 of the United States Code and this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338(a). In addition, this is an action for declaratory judgment (28 U.S.C. §§ 2201, 22020 regarding the non-interference with a business relationship and this Court has jurisdiction under 28 U.S.C. §§ 1367.

**Answer:** Admitted.

## II.

## VENUE

2. Plaintiffs are informed and believe that this Court is the proper venue under 28 U.S.C. §§ 1391(b), (c) and § 1400 because Defendant D & W is subject to personal jurisdiction in this judicial district, the products of the infringing activities, as alleged herein below, are advertised and sold within this judicial district and D & W is doing business in this judicial district.

**Answer:** Admitted.

3.     Plaintiffs are informed and believe that this Court is the proper venue under 28 U.S.C. §1391(b), (c) and § 1440 because Defendant PCM, is subject to personal jurisdiction in this judicial district, the products of the infringing activities, as alleged herein below, are advertised and sold within this judicial district and PCM is doing business in this Judicial District. Plaintiffs are further informed and believe that Defendant PCM will admit to the jurisdiction of this court.

**Answer:** Defendant denies any infringing activity, but otherwise admits the allegations of Paragraph 3.

### III.

### THE PARTIES

4.     Plaintiff Neil Mintz is an individual, residing in the county of San Diego.

**Answer:** Defendant has no knowledge of the residence of Neil Mintz and therefore denies the allegation of Paragraph 4.

5.     Plaintiff Marcus Mintz is an individual, residing in the county of San Diego.

**Answer:** Defendant has no knowledge of the residence of Marcus Mintz and therefore denies the allegation of Paragraph 5.

6.     Jif-Pak Manufacturing, Inc. is a California corporation with its principal place of business in the County of San Diego ("Jif-Pak").

**Answer:** Defendant is without sufficient information to form a belief as to the accuracy of Paragraph 6 and therefore denies same.

7.     Upon information and belief, Defendant D & W is a Pennsylvania corporation, with a principal place of business in Philadelphia, Pennsylvania.

**Answer:** Admitted.

8.     Upon information and belief, Defendant PCM is a South Carolina corporation, with a principal place of business in Greenville, South Carolina.

**Answer:** Admitted.

IV.

## COUNT 1

### PATENT INFRINGEMENT

**(Against All Defendants)**

9. Plaintiffs, Neil Mintz and Marcus Mintz, re-allege the allegations of the foregoing Paragraphs 1 through 6, and incorporates allegations herein by references as though fully set forth.

**Answer:** Defendant repeats the answers to Paragraphs 1 through 6.

10. On May 9, 1995, United States Patent No. 5,413,148 (the '148 patent) entitled Casing Structure for Encasing Meat Products (hereinafter the Patented Invention) issued to co-inventors Neil Mintz and Marcus Mintz. Plaintiffs are the owners/licensees of the '148 patent and enjoy all rights, title and interest in and to said '148 patent.

**Answer:** Defendant admits that U.S. Patent Number 5,413,148 issued on May 9, 1995, but otherwise is without sufficient information to form a belief as to the remaining allegations and therefore denies same.

11. Plaintiffs Neil Mintz and Marcus Mintz have informally licensed the right to make, have made, use, sell, and advertise the invention claimed in the '148 patent to Plaintiff Jif-Pak.

**Answer:** Defendant is without sufficient information to form a belief as to the allegations of Paragraph 11 and therefore denies same.

12. The '148 patent relates to a tubular casing for meat products having a stockinette member with a knit tubular member formed of threads and a netting arrangement which is intricately formed with the stockinette member. The netting arrangement may either be knit in with the stockinette member or the strands of the knitting arrangement may be laid in.

**Answer:** Defendant admits that the '148 patent describes a tubular casing for meat products but otherwise denies the allegations of Paragraph 12.

-4-

13. Plaintiffs are informed and believe and on that basis alleged that Defendants have been and continue to directly infringe, contributory infringement and/or induced others to infringe the '148 patent by practicing the patent invention, selling components which have no substantial non-infringing use and/or knowingly teaching others to practice the patented invention.

**Answer:** Denied.

14. Plaintiffs are informed and believe the Defendants infringement is willful, malicious and without regard to the rights of the Plaintiffs.

**Answer:** Denied.

15. Plaintiffs are further informed and believe that such practice will continue unless enjoined by this Court.

**Answer:** Denied.

## V.

## COUNT TWO

## DECLARATORY JUDGMENT: NON-INTERFERENCE WITH BUSINESS RELATIONSHIP

### (Against All Defendants)

16. Plaintiff Jif-Pak re-allege all the allegations in the foregoing paragraphs 1 through 15 and incorporates said allegations herein by references as though fully set forth.

**Answer:** Defendant repeats the answers to the allegations of Paragraphs 1 through 15.

17. Plaintiff Jif-Pak is the licensee of the '148 patent and has notified Defendant D & W and other customers including Specialty Food Group, Inc. of Virginia of the existence of the '148 patent and that their activities may be infringing said patent.

**Answer:** Admitted.

18. Plaintiff Jif-Pak's notice was in the form of a communication to Plaintiff Jif-Pak's current customers to identify the benefits of continuing to do business with Jif-Pak.

**Answer:** Defendant has insufficient information to form a belief and therefore denies the allegation of Paragraph 18.

19. Defendant PCM has asserted that Jif-Pak's communication with its customers regarding the existence of the '148 patent and encouraging its customers to maintain its business with Jif-Pak constitutes an interference with PCM's relationship with said customers.

**Answer:** Admitted.

20. Jif-Pak has notified PCM that it has the right to advise others, specifically Plaintiffs own customers as to the existence of the '148 patent and of its belief that the activities of such customers may constitute infringement and that Jif-Pak would like to maintain their business.

**Answer:** Admitted.

21. There is a present actual and continuing controversy between Plaintiff Jif-Pak and Defendant PCM as to Jif-Pak's right to notify its customers including Dietz & Watson, Inc. of the existence of the '148 patent and to indicate that its customers including Dietz & Watson, Inc. may be infringing such patent.

**Answer:** Admitted.

## GENERAL DENIAL

Defendant denies any allegation in the Complaint that has not been expressly admitted herein.

WHEREFORE, Defendant respectfully requests that Plaintiffs take nothing by way of its Complaint, that judgment be entered in the Defendant's favor and against Plaintiffs, that Plaintiffs be enjoined from further contact with Defendant, that Plaintiffs be directed to fully compensate Defendant for this unjustifiable lawsuit and that the Defendant be awarded its reasonable attorney fees and costs in defending this action.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The '148 Patent is invalid and/or unenforceable under the Patent Laws of the United States, 35 U.S. §§1, et seq.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant has not infringed, and is not infringing, any claim of the '148 Patent, either directly, contributorily, or by inducement.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs' prayer for relief is barred by the Doctrine of Laches.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs' claims are barred by the Doctrine of Equitable Estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendant reserves the right to assert additional affirmative defenses, at such time, and to such extent, as warranted by discovery and factual developments in this case.

Dated: January 25, 2006

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
JONATHAN HANGARTNER

Attorneys for Defendants DIETZ & WATSON, INC. and PACKAGE CONCEPTS & MATERIALS, INC.

1  I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 501 West Broadway, 19th Floor, San Diego, California 92101-3598.

On January 25, 2006, I served the following document(s) described as

**DIETZ & WATSONS, INC.'S ANSWER TO COMPLAINT**

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

| | |
|---|---|
| John L. Haller, Esq.<br>Charles V. Berwanger, Esq.<br>Susan B. Meyer, Esq.<br>Gordon & Rees LLP<br>101 W. Broadway, Suite 1600<br>San Diego, CA 92101<br>Telephone: 619-230-7451<br>Facsimile: 619-696-7124 | Counsel for Defendants Jif-Pak Manufacturing, Inc., Neil Mintz and Marcus Mintz |
| Michaela L. Sozio, Esq.<br>Tressler, Soderstrom, Maloney & Priess<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067<br>Telephone: 310-203-4800<br>Facsimile: 310-203-4850 | Counsel for Defendants Jif-Pak Manufacturing, Inc., Neil Mintz and Marcus Mintz |

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 25, 2006, at San Diego, California.

*/s/ Phyllis Chavez*
PHYLLIS CHAVEZ

- 1 -

W02-SD:8JH2\51393521.1

CASE NO. 05 CV 1470 L (AJB)
(Consolidated with Case No. 05 CV 2200)