















SMV   2/13/06   14:14

3:05-CV-01470   MINTZ V. DIETZ AND WATSON INC

*33*

*ANSCNTCLM.*

1  NEIL A. SMITH, Cal. Bar No. 63777
   SHEPPARD MULLIN RICHTER & HAMPTON LLP
2    A Limited Liability Partnership
     Including Professional Corporations
3  4 Embarcadero Center, 17th Floor
   San Francisco, California 94111-4106
4  Telephone: 415-434-9100
   Facsimile: 415-434-3947
5
   JONATHAN HANGARTNER, Cal. Bar No. 196268
6  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   501 West Broadway, 19th Floor
7  San Diego, California 92101-3598
   Telephone: 619-338-6500
8  Facsimile: 619-234-3815

9  JOHN B. HARDAWAY, III, Fed. Bar No. 1710
   NEXSEN PRUET, LLC
10 201 West McBee Avenue, Suite 400
   Post Office Drawer 10648
11 Greenville, South Carolina 29603
   Telephone: 864-370-2211
12
   Attorneys for Defendants DIETZ & WATSON,
13 INC. and PACKAGE CONCEPTS &
   MATERIALS, INC.
14
              UNITED STATES DISTRICT COURT
15
            SOUTHERN DISTRICT OF CALIFORNIA
16
   NEIL MINTZ, an individual;          Case No. 05 CV 1470 L (AJB)
17 MARCUS MINTZ, an individual; and    (Consolidated with Case No. 05 CV 2200)
   JIF-PAK MANUFACTURING, INC.,
18 a California corporation,            REPLY OF PLAINTIFF PACKAGE
                                        CONCEPTS & MATERIALS, INC.'S
19              Plaintiffs,             TO DEFENDANTS NEIL MINTZ,
        v.                              MARCUS MINTZ AND JIF-PAK
20                                      MANUFACTURING, INC.'S
   DIETZ & WATSON, INC.,                COUNTERCLAIM FOR PATENT
21 a Pennsylvania corporation; and     INFRINGEMENT
   PACKAGE CONCEPTS & MATERIALS,
22 INC., a Southern Carolina corporation,

23              Defendants.            Ctrm:   14
                                       Judge:  Hon. M. James Lorenz
24

25

26

27

28
   33 -1-
   ORIGINAL

W02-SD:8JH2\51409240.1          CASE NO. 05 CV 1470 L (AJB)
                          (Consolidated with Case No. 05 CV 2200)

1

2 PACKAGE CONCEPTS & MATERIALS,
INC.,
3
                              Plaintiffs,
4         v.

5 JIF-PAK MANUFACTURING, INC.,
a California corporation;
6 NEIL MINTZ, an individual;
MARCUS MINTZ, an individual,
7
                              Defendants.
8

9 JIF-PAK MANUFACTURING, INC.,
a California corporation;
10 NEIL MINTZ, an individual;
MARCUS MINTZ, an individual,
11

12                       Counterclaimants,
         v.
13
PACKAGE CONCEPTS & MATERIALS,
14 INC.,

15                       Counterclaim
                         Defendant.
16

17

18         Plaintiff – Counterclaim Defendant, Package Concepts & Materials, Inc.

19 (hereinafter "PCM"), hereby replies to the Counterclaim of Defendents –

20 Counterclaimants, Neil Mintz, Marcus Mintz and Jif-Pak Manufacturing, Inc. (herinafter

21 collectively "Jif-Pak") in the above-identified action as follows:

22                                    I.

23                             __JURISDICTION__

24         1.     Counterclaimants' counterclaim arises under the United States patent

25 laws, 35 U.S.C. § 100 et seq., and this Court has jurisdiction under 28 U.S.C. §§ 1331and

26 1338(a).

27         **Answer:**  Admitted.

28
                                   - 2 -

CASE NO. 05 CV 1470 L (AJB)
                                          (Consolidated with Case No. 05 CV 2200)

## II.

## VENUE

2. Counterclaimants are informed and believe that this Court is the proper venue under 28 U.S.C. §1391(b) and (c), and 1440 because PCM is subject to personal jurisdiction in this judicial district, the products of the infringing activities, as alleged herein below, are advertised and sold within this judicial district and PCM is doing business in this Judicial District. Counterclaimants are further informed and believe that PCM will admit to the jurisdiction of this court.

**Answer:** PCM denies any infringing activity, but otherwise admits the allegations of Paragraph 3.

## III.

## THE PARTIES

3. Neil Mintz is an individual, residing in the County of San Diego.

**Answer:** PCM has no knowledge of the residence of Neil Mintz and therefore denies the allegation of Paragraph 4.

4. Marcus Mintz is an individual, residing in the County of San Diego.

**Answer:** PCM has no knowledge of the residence of Marcus Mintz and therefore denies the allegation of Paragraph 5.

5. Jif-Pak Manufacturing, Inc. is a California corporation with its principal place of business in the County of San Diego.

**Answer:** PCM is without sufficient information to form a belief as to the accuracy of Paragraph 6 and therefore denies same.

6. Upon information and belief, Counterclaim Defendant PCM is a South Carolina corporation, with a principal place of business in Greenville, South Carolina.

**Answer:** Admitted.

W02-SD:8JH2\51409240.1

## IV.

## COUNT 1

## PATENT INFRINGEMENT

### (Against All Defendants)

7.     On May 9, 1995, United States Letters Patent No. 5,413,148 (the '148 patent) entitled Casing Structure for Encasing Meat Products (hereinafter the "patented invention") issued to co-inventors and co-owners Neil Mintz and Marcus Mintz.  Neil Mintz and Marcus Mintz have co-owned since issuance, and continue to own, the '148 patent.  Counterclaimants Neil Mintz and Marcus Mintz have licensed the right to make, have made, use, sell and advertise the invention claimed in the '148 patent to Counterclaimant Jif-Pak Manufacturing, Inc.

**Answer:**  Defendant admits that U.S. Patent Number 5,413,148 issued on May 9, 1995, but otherwise is without sufficient information to form a belief as to the remaining allegations and therefore denies same.

8.     The '148 patent relates to a tubular casing for meat products having a stockinette member with a knit tubular member formed of threads and a netting arrangement which is intricately formed with the stockinette member.  The netting arrangement may either be knit in with the stockinette member or the strands of the knitting arrangement may be laid in.

**Answer:**  Defendant admits that the '148 patent describes a tubular casing for meat products but otherwise denies the allegations of Paragraph 12.

9.     Counterclaimants are informed and believe, and on that basis allege that Counterclaim Defendant has been and is now directly infringing, contributing to the infringement and/or inducing others to infringe the '148 patent by practicing the patented invention, selling components which have no substantial non-infringing use, and/or knowingly teaching others to practice the patented invention.

**Answer:**  Denied.

- 4 -

10. Counterclaimants are informed and believe that Counterclaim Defendant's infringement is willful, malicious and without regard to the rights of the Counterclaimants.

**Answer:** Denied.

11. Counterclaimants have been harmed, are presently being harmed, and will continue to be harmed by Counterclaimants' actions. Counterclaimants are further informed and believe that such practice will continue unless enjoined by this Court.

**Answer:** Denied.

## GENERAL DENIAL

Counterclaim Defendant denies any allegation in the Counterclaim that has not been expressly admitted herein.

## COUNTERCLAIM DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The '148 Patent is invalid and/or unenforceable under the Patent Laws of the United States, 35 U.S. §§1, et seq.

### SECOND AFFIRMATIVE DEFENSE

2. Counterclaim Defendant has not infringed, and is not infringing, any claim of the '148 Patent, either directly, contributorily, or by inducement.

### THIRD AFFIRMATIVE DEFENSE

3. Counterclaimants' Counterclaim fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

4. Counterclaimants' prayer for relief is barred by the Doctrine of Laches.

### FIFTH AFFIRMATIVE DEFENSE

5. Counterclaimants' claims are barred by the Doctrine of Equitable Estoppel.

- 5 -

## SIXTH AFFIRMATIVE DEFENSE

6. Counterclaim Defendant reserves the right to assert additional affirmative defenses, at such time, and to such extent, as warranted by discovery and factual developments in this case.

WHEREFORE, Counterclaim Defendant prays:

A. For entry of judgment that United States Patent No. 5,413,148 is invalid; that the manufacture, use, sale, offer for sale and/or importation of Counterclaim Defendant's stockinette devices do not infringe; and have not at any time infringed, the '148 patent; and that Counterclaimants are without any right or authority to threaten or to maintain suit against Counterclaim Defendant for alleged infringement of the '148 patent.

B. For entry of an injunction enjoining Counterclaimants, its agents, employees, assignees and attorneys, and those persons in active concert or participation with Counterclaimants, from initiating infringement litigation and from threatening Counterclaim Defendant, any of its related companies, any of its prospective or present customers, dealers, agents, employees, vendors, suppliers, or owners or users of Counterclaim Defendant's stockinette devices with infringement litigation, and from charging any of them wither verbally or in writing with infringement of the '148 patent because of the manufacture, use, offer for sale, sale, or importation of Counterclaim Defendant's stockinette devices.

C. For entry of judgment for costs and reasonable attorneys' fees incurred by Counterclaim Defendant.

- 6 -

W02-SD:8JH2\51409240.1

1            D.    For a grant to Counterclaim Defendant such other and further relief as

2    is just and proper.

3

4    Dated: February 8, 2006

5                                SHEPPARD MULLIN RICHTER & HAMPTON LLP

6

7                   By

8                                    JONATHAN HANGARTNER

9                            Attorneys for Counterclaim Defendants DIETZ &

10                    WATSON, INC. and PACKAGE CONCEPTS &
                                 MATERIALS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1         I am employed in the County of San Diego; I am over the age of eighteen
years and not a party to the within entitled action; my business address is 501 West
2  Broadway, 19th Floor, San Diego, California 92101-3598.

3         On February 9, 2006, I served the following document(s) described as

4  **REPLY OF PLAINTIFF PACKAGE CONCEPTS & MATERIALS, INC.'S TO
DEFENDANTS NEIL MINTZ, MARCUS MINTZ AND JIF-PAK
5  MANUFACTURING, INC.'S COUNTERCLAIM FOR PATENT INFRINGEMENT**

6  on the interested party(ies) in this action by placing true copies thereof enclosed in sealed
envelopes and/or packages addressed as follows:

7

| | |
|---|---|
| John L. Haller, Esq. | Counsel for Defendants Jif-Pak |
| Charles V. Berwanger, Esq. | Manufacturing, Inc., Neil Mintz and |
| Susan B. Meyer, Esq. | Marcus Mintz |
| Gordon & Rees LLP | |
| 101 W. Broadway, Suite 1600 | |
| San Diego, CA  92101 | |
| Telephone:   619-230-7451 | |
| Facsimile:   619-696-7124 | |

8
9
10
11

| | |
|---|---|
| Michaela L. Sozio, Esq. | Counsel for Defendants Jif-Pak |
| Tressler, Soderstrom, Maloney & Priess | Manufacturing, Inc., Neil Mintz and |
| 1901 Avenue of the Stars, Suite 450 | Marcus Mintz |
| Los Angeles, California 90067 | |
| Telephone:   310-203-4800 | |
| Facsimile:   310-203-4850 | |

12
13
14
15

| | |
|---|---|
| Jackie A. Criswell, Esq. | Counsel for Defendants Jif-Pak |
| Tressler, Soderstrom, Maloney & Priess | Manufacturing, Inc., Neil Mintz and |
| Sears Tower, 22nd Floor | Marcus Mintz |
| 233 South Wacker Drive | |
| Chicago, IL  60606 | |
| Telephone:   (312) 627-4000 | |
| Facsimile:   (312) 627-1717 | |

16
17
18
19

20  ☐  **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the
office of the addressee(s).

21  ☒  **BY MAIL:** I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing.  Under that practice it would be deposited
22  with the U.S. postal service on that same day with postage thereon fully prepaid at
San Francisco, California in the ordinary course of business.  I am aware that on
23  motion of the party served, service is presumed invalid if postal cancellation date or
postage meter date is more than one day after date of deposit for mailing in
24  affidavit.

25  ☐  **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile
pursuant to Rule 2008 of the California Rules of Court.  The telephone number of
26  the sending facsimile machine was 415-434-3947.  The name(s) and facsimile
machine telephone number(s) of the person(s) served are set forth in the service list.
27  The sending facsimile machine (or the machine used to forward the facsimile)
issued a transmission report confirming that the transmission was complete and

28

- 1 -

1    without error.  Pursuant to Rule 2008(e), a copy of that report is attached to this
     declaration.

2

   ☒   **FEDERAL:**  I declare that I am employed in the office of a member of the bar of
3        this Court at whose direction the service was made.  I declare under penalty of
         perjury under the laws of the United States of America that the foregoing is true and
4        correct.

5        Executed on February 9, 2006, at San Diego, California.

6

7        *Phyllis Chavez*

         PHYLLIS CHAVEZ
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -