








```
AV1    6/1/06    15:06
3:05-CV-01470    MINTZ V. DIETZ AND WATSON INC
*41*
*ANS/CNT.*
```

NEIL A. SMITH, Cal. Bar No. 63777
SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
4 Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:  415-434-9100
Facsimile:   415-434-3947

JONATHAN HANGARTNER, Cal. Bar No. 196268
SHEPPARD MULLIN RICHTER & HAMPTON LLP
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619-338-6500
Facsimile:   619-234-3815

JOHN B. HARDAWAY, III, Fed. Bar No. 1710
NEXSEN PRUET, LLC
201 West McBee Avenue, Suite 400
Post Office Drawer 10648
Greenville, South Carolina 29603
Telephone:  864-370-2211

Attorneys for Defendants DIETZ & WATSON,
INC. and PACKAGE CONCEPTS &
MATERIALS, INC.

FILED

06 MAY 26 PM 3:40

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ, an individual; MARCUS MINTZ, an individual; and JIF-PAK MANUFACTURING, INC., a California corporation,<br><br>                    Plaintiffs,<br>     v.<br><br>DIETZ & WATSON, INC., a Pennsylvania corporation; and PACKAGE CONCEPTS & MATERIALS, INC., a Southern Carolina corporation,<br><br>                    Defendants. | Case No. 05 CV 1470 L (AJB)<br>(Consolidated with Case No. 05 CV 2200)<br><br>**PACKAGE CONCEPTS & MATERIALS, INC. 'S AMENDED ANSWER AND COUNTERCLAIM**<br><br>Ctrm:   14<br>Judge:  Hon. M. James Lorenz<br><br>[Complaint Filed: July 22, 2005] |

-1-

W02-WEST:8JH2\400004319.2

**ORIGINAL**

CASE NO. 05 CV 1470 L (AJB)
(Consolidated with Case No. 05 CV 2200)

PACKAGE CONCEPTS & MATERIALS, INC.,
        Plaintiffs,
  v.

JIF-PAK MANUFACTURING, INC.,
a California corporation;
NEIL MINTZ, an individual;
MARCUS MINTZ, an individual,

        Defendants.

AND RELATED CROSS-ACTIONS.

Comes now Defendant Package Concepts & Materials, Inc., and amends its answer and counterclaim in the above-identified action as follows:

## I.

## JURISDICTION

1. This is a civil action for patent infringement, contributory infringement and inducement to infringe which arises under the Patent Laws of the United States, namely Title 35 of the United States Code and this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338(a). In addition, this is an action for declaratory judgment (28 U.S.C. §§ 2201, 22020 regarding the non-interference with a business relationship and this Court has jurisdiction under 28 U.S.C. §§ 1367.

**Answer:** Admitted.

## II.

## VENUE

2. Plaintiffs are informed and believe that this Court is the proper venue under 28 U.S.C. §§ 1391(b), (c) and § 1400 because Defendant D & W is subject to personal jurisdiction in this judicial district, the products of the infringing activities, as alleged herein below, are advertised and sold within this judicial district and D & W is doing business in this judicial district.

**Answer:** Admitted.

- 2 -

3. Plaintiffs are informed and believe that this Court is the proper venue under 28 U.S.C. §1391(b), (c) and § 1440 because Defendant PCM, is subject to personal jurisdiction in this judicial district, the products of the infringing activities, as alleged herein below, are advertised and sold within this judicial district and PCM is doing business in this Judicial District. Plaintiffs are further informed and believe that Defendant PCM will admit to the jurisdiction of this court.

**Answer:** Defendant denies any infringing activity, but otherwise admits the allegations of Paragraph 3.

## III.

## **THE PARTIES**

4. Plaintiff Neil Mintz is an individual, residing in the county of San Diego.

**Answer:** Defendant has no knowledge of the residence of Neil Mintz and therefore denies the allegation of Paragraph 4.

5. Plaintiff Marcus Mintz is an individual, residing in the county of San Diego.

**Answer:** Defendant has no knowledge of the residence of Marcus Mintz and therefore denies the allegation of Paragraph 5.

6. Jif-Pak Manufacturing, Inc. is a California corporation with its principal place of business in the County of San Diego ("Jif-Pak").

**Answer:** Defendant is without sufficient information to form a belief as to the accuracy of Paragraph 6 and therefore denies same.

7. Upon information and belief, Defendant D & W is a Pennsylvania corporation, with a principal place of business in Philadelphia, Pennsylvania.

**Answer:** Admitted.

8. Upon information and belief, Defendant PCM is a South Carolina corporation, with a principal place of business in Greenville, South Carolina.

**Answer:** Admitted.

- 3 -

## IV.

## COUNT 1

## PATENT INFRINGEMENT

### (Against All Defendants)

9. Plaintiffs, Neil Mintz and Marcus Mintz, re-allege the allegations of the foregoing Paragraphs 1 through 6, and incorporates allegations herein by references as though fully set forth.

**Answer:** Defendant repeats the answers to Paragraphs 1 through 6.

10. On May 9, 1995, United States Patent No. 5,413,148 (the '148 patent) entitled Casing Structure for Encasing Meat Products (hereinafter the Patented Invention) issued to co-inventors Neil Mintz and Marcus Mintz. Plaintiffs are the owners/licensees of the '148 patent and enjoy all rights, title and interest in and to said '148 patent.

**Answer:** Defendant admits that U.S. Patent Number 5,413,148 issued on May 9, 1995, but otherwise is without sufficient information to form a belief as to the remaining allegations and therefore denies same.

11. Plaintiffs Neil Mintz and Marcus Mintz have informally licensed the right to make, have made, use, sell, and advertise the invention claimed in the '148 patent to Plaintiff Jif-Pak.

**Answer:** Defendant is without sufficient information to form a belief as to the allegations of Paragraph 11 and therefore denies same.

12. The '148 patent relates to a tubular casing for meat products having a stockinette member with a knit tubular member formed of threads and a netting arrangement which is intricately formed with the stockinette member. The netting arrangement may either be knit in with the stockinette member or the strands of the knitting arrangement may be laid in.

**Answer:** Defendant admits that the '148 patent describes a tubular casing for meat products but otherwise denies the allegations of Paragraph 12.

- 4 -

13. Plaintiffs are informed and believe and on that basis alleged that Defendants have been and continue to directly infringe, contributory infringement and/or induced others to infringe the '148 patent by practicing the patent invention, selling components which have no substantial non-infringing use and/or knowingly teaching others to practice the patented invention.

**Answer:** Denied.

14. Plaintiffs are informed and believe the Defendants infringement is willful, malicious and without regard to the rights of the Plaintiffs.

**Answer:** Denied.

15. Plaintiffs are further informed and believe that such practice will continue unless enjoined by this Court.

**Answer:** Denied.

## V.

## COUNT TWO

## DECLARATORY JUDGMENT: NON-INTERFERENCE WITH BUSINESS RELATIONSHIP

(Against All Defendants)

16. Plaintiff Jif-Pak re-allege all the allegations in the foregoing paragraphs 1 through 15 and incorporates said allegations herein by references as though fully set forth.

**Answer:** Defendant repeats the answers to the allegations of Paragraphs 1 through 15.

17. Plaintiff Jif-Pak is the licensee of the '148 patent and has notified Defendant D & W and other customers including Specialty Food Group, Inc. of Virginia of the existence of the '148 patent and that their activities may be infringing said patent.

**Answer:** Admitted.

18. Plaintiff Jif-Pak's notice was in the form of a communication to Plaintiff Jif-Pak's current customers to identify the benefits of continuing to do business with Jif-Pak.

**Answer:** Defendant has insufficient information to form a belief and therefore denies the allegation of Paragraph 18.

19. Defendant PCM has asserted that Jif-Pak's communication with its customers regarding the existence of the '148 patent and encouraging its customers to maintain its business with Jif-Pak constitutes an interference with PCM's relationship with said customers.

**Answer:** Admitted.

20. Jif-Pak has notified PCM that it has the right to advise others, specifically Plaintiffs own customers as to the existence of the '148 patent and of its belief that the activities of such customers may constitute infringement and that Jif-Pak would like to maintain their business.

**Answer:** Admitted.

21. There is a present actual and continuing controversy between Plaintiff Jif-Pak and Defendant PCM as to Jif-Pak's right to notify its customers including Dietz & Watson, Inc. of the existence of the '148 patent and to indicate that its customers including Dietz & Watson, Inc. may be infringing such patent.

**Answer:** Admitted.

## GENERAL DENIAL

Defendant denies any allegation in the Complaint that has not been expressly admitted herein.

WHEREFORE, Defendant respectfully requests that Plaintiffs take nothing by way of its Complaint, that judgment be entered in the Defendant's favor and against Plaintiffs, that Plaintiffs be enjoined from further contact with Defendant's customers, that Plaintiffs be directed to fully compensate Defendant for all damages because of Plaintiffs' interference with Defendant's business relationship, that such

- 6 -

damages be trebled and that the Defendant be awarded its interests and costs and reasonable attorney fees in defending this action.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The '148 Patent is invalid and/or unenforceable under the Patent Laws of the United States, 35 U.S. §§1, et seq.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant has not infringed, and is not infringing, any claim of the '148 Patent, either directly, contributorily, or by inducement.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs' prayer for relief is barred by the Doctrine of Laches.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs' claims are barred by the Doctrine of Equitable Estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendant reserves the right to assert additional affirmative defenses, at such time, and to such extent, as warranted by discovery and factual developments in this case.

## DEFENDANT'S COUNTERCLAIM

1. Defendant PCM is a corporation organized under the laws of the State of South Carolina, and maintains its principal place of business at 1023 Thousand Oaks Blvd., Greenville, South Carolina 29607.

2. Plaintiff, JIF-PAK, is upon information and belief a corporation organized under the laws of the State of California, and maintains its principal place of business at 1451 Engineer Street, Vista, California 92083.

1  3. Plaintiff Neil Mintz is an individual, residing in the county of San
2  Diego.

3  4. Plaintiff Marcus Mintz is an individual, residing in the county of San
4  Diego.

5  5. This is a counterclaim for declaratory judgment of invalidity and non-
6  infringement of U.S. Patent No. 5,413,148 ("the '148 patent"). Jurisdiction of this Court
7  arises under the Declaratory Judgment Act, Title 28, United States Code Sections 2201-
8  2202, and under the laws of the United States concerning actions related to patents, Title
9  28, United States Code, Sections 1331 and 1338(a).

10  6. Venue lies in this Judicial District under Title 28, United States Code,
11  Section 1391(b)-(c) on the grounds that Plaintiff Jif-Pak is subject to personal jurisdiction
12  because its principal place of business is in this judicial district and a substantial part of the
13  events or omissions giving rise to the counterclaim occurred in this District. Defendant
14  PCM is further informed and believes that Plaintiff Jif-Pak will admit to the jurisdiction of
15  this court.

16  7. Venue lies in this Judicial District under Title 28, United States Code,
17  Section 1391(b)-(c) on the grounds that Plaintiffs Neil Mintz and Marcus Mintz reside in
18  this judicial district, are subject to personal jurisdiction in this judicial district, and a
19  substantial part of the events or omissions giving rise to the counterclaim occurred in this
20  District. Defendant PCM is further informed and believes that Plaintiffs Neil Mintz and
21  Marcus Mintz will admit to the jurisdiction of this court.

22  8. On information and belief, Plaintiff Jif-Pak is notifying Defendant
23  PCM's customers that purchase a variety of products that Defendant PCM is infringing
24  upon Plaintiffs' patent, intentionally withholding identification of the specific accused
25  product among those purchased by the customer, and notifying Defendant PCM's
26  customers that they can be sued by Plaintiffs if they continue to purchase products from
27  Defendant PCM.

28

- 8 -

## COUNT ONE

**(Declaratory Judgment – Noninfringement - U.S. Patent No. 5,413,148)**

9. On May 9, 1995, U.S. Patent No. 5,413,148 issued for a "Casing structure for encasing meat products" (Attachment A) to Plaintiffs Neil and Marcus Mintz.

10. Plaintiffs Neil and Marcus Mintz, on information and belief, have exclusively licensed Plaintiff Jif-Pak under the above U.S. Patent No. 5,413,148.

11. Plaintiff Jif-Pak originally asserted itself to be the owner of the '148 patent, but has now withdrawn that assertion.

12. Defendant PCM has made, offered for sale and/or sold certain stockinette devices in the United States since the issuance of the '148 patent.

13. Plaintiff Jif-Pak has made written assertions that Defendant's customer, Specialty Foods Group, Inc., is infringing the '148 patent because Specialty Foods Group is using an infringing product manufactured by Defendant. Based on Plaintiff's assertions, Defendant PCM has been sued for infringement of the '148 patent. Accordingly, there is a present and continuing justiciable controversy between Defendant PCM and Plaintiff as to Plaintiff's right to threaten or maintain suit for infringement of the '148 patent, and as to the validity and scope thereof, and as to whether any of Defendant PCM's products infringe any valid claim thereof.

14. No valid claim of the '148 patent is infringed by any of Defendant PCM's products.

## COUNT TWO

**(Tortious Interference with Contract)**

15. Defendant PCM incorporates by reference paragraphs 1-13 of this Counterclaim as if fully set forth herein.

16. Defendant PCM has contracts with Specialty Foods Group, who in turn has contracts with customers for products incorporating Defendant's stockinette devices.

17. Plaintiffs have knowledge of the aforementioned contracts.

- 9 -

18. Upon information and belief, Plaintiff Jif-Pak is notifying Defendant PCM's customers that Defendant PCM is infringing upon Plaintiffs' patent. Upon information and belief, this has directly caused breaches of contract. Upon information and belief, Plaintiff Jif-Pak by its actions, is intentionally procuring the aforementioned breaches of contract.

19. Plaintiffs have no justification for its intentional interference with contract.

20. Defendant PCM has been damaged as a result of Plaintiff Jif-Pak's intentional acts.

## COUNT THREE

### (Interference with Economic Relations)

21. Defendant PCM incorporates by reference paragraphs 1-19 of this Counterclaim as if fully set forth herein.

22. Defendant PCM customarily provided stockinette devices to various customers as needed or requested on a purchase-order basis.

23. Defendant PCM benefited economically and in its business by its relationships and dealings with these customers, and Defendant PCM had a reasonable expectation that such relationships and dealings would continue.

24. Plaintiffs have knowledge of the aforementioned relationships and dealings.

25. Upon information and belief, Plaintiff Jif-Pak is notifying Defendant PCM's customers that Defendant PCM is infringing upon Plaintiffs' patent, and that Defendant PCM's customers can be sued by Plaintiffs if they continue to deal with Defendant PCM. Upon information and belief, this has directly caused Defendant PCM's customers to cease their relationships and dealings with Defendant PCM. Upon information and belief, Plaintiff Jif-Pak by its actions, is intentionally causing customers to cease their relationships and dealings with Defendant PCM.

26. Plaintiffs' actions are improper and wrongful in that Plaintiffs' statements and representations to Defendant PCM's customers, made with the intent and purpose to harm Defendant PCM financially and induce Defendant PCM's customers to cease their relationships and dealings with Defendant PCM, are false and fraudulent, deceptive, extortionate, and constitute unfair competition and a misuse of Plaintiffs' patent.

27. As a proximate result of Plaintiff's conduct, and the resulting cessation of business and dealings with Defendant PCM by certain of Defendant PCM's customers (some of whom, upon information and belief, are now dealing with Plaintiffs), Defendant PCM has suffered actual damages.

28. Upon information and belief, Plaintiffs' conduct was willful and continues to be willful and was perpetrated with oppression, fraud, and malice, thus entitling Defendant PCM to punitive damages in an amount appropriate to punish and make an example of Plaintiffs.

## COUNT FOUR

### (Unfair Competition)

29. Defendant PCM incorporates by reference paragraphs 1-27 of this Counterclaim as if fully set forth herein.

30. Upon information and belief, Plaintiff Jif-Pak is notifying Defendant PCM's customers that Defendant PCM is infringing upon Plaintiffs' patent, and that Defendant PCM's customers can be sued by Plaintiffs if they continue to deal with Defendant PCM.

31. Plaintiffs' actions, and specifically its representations to Defendant PCM's customers, constitute a misuse of Plaintiffs' patent. Plaintiffs' actions thus constitute an "unlawful" business act or practice within the meaning of California Business and Professions Code section 17200, and constitute unfair competition.

32. Plaintiffs' actions, and specifically its representations to Defendant PCM's customers, constitute a business act or practice that violates legislatively-declared policy, and are similar in effect to a violation of the antitrust laws, and significantly

- 11 -

threaten and harm competition. Plaintiffs' actions thus constitute an "unfair" business act or practice within the meaning of California Business and Professions Code section 17200, and constitute unfair competition.

33.     Plaintiffs' actions, and specifically its representations to Defendant's customers, are false and fraudulent, deceptive, extortionate, and constitute a business act or practice that is likely to deceive Defendant PCM's customers to whom the representations are directed. Plaintiffs' actions thus constitute a "fraudulent" business act or practice within the meaning of California Business and Professions Code section 17200, and constitute unfair competition.

34.     Upon information and belief, Plaintiffs will not cease and desist from their actions without an injunction by this Court, and such an injunction is necessary and proper to prohibit and prevent Plaintiffs' further unlawful, unfair, and fraudulent business practices.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant PCM prays:

A.      For entry of judgment that United States Patent No. 5,413,148 is invalid; that the manufacture, use, sale, offer for sale and/or importation of Defendant PCM's stockinette devices do not infringe; and have not at any time infringed, the '148 patent; and that Plaintiff Jif-Pak is without any right or authority to threaten or to maintain suit against Defendant PCM or its customers for alleged infringement of the '148 patent.

B.      For entry of an injunction enjoining Plaintiffs, its agents, employees, assignees and attorneys, and those persons in active concert or participation with Plaintiffs, from initiating infringement litigation and from threatening Defendant PCM, any of its related companies, any of its prospective or present customers, dealers, agents, employees, vendors, suppliers, or owners or users of Defendant PCM's stockinette devices with infringement litigation, and from charging any of them wither verbally or in writing with infringement of the '148 patent because of the manufacture, use, offer for sale, sale, or importation of Defendant PCM's stockinette devices.

- 12 -

1    C.    For entry of judgment for Defendant PCM on the count of Tortious
2 Interference with Contract.
3    D.    For entry of judgment for Defendant PCM on the count of
4 Interference with Economic Relations.
5    E.    For entry of judgment for Defendant PCM on the count of Unfair
6 Competition.
7    F.    That Plaintiffs be directed to fully compensate Defendant PCM for all
8 damages attributable to Plaintiff's unlawful and intentional tortious interference with
9 Defendant PCM's contracts, interference with Defendant PCM's economic relationship,
10 and unfair business acts or practices.
11    G.    For a finding that Plaintiffs' conduct was willful and continues to be
12 willful and was perpetrated with oppression, fraud, and malice, thus entitling Defendant
13 PCM to punitive damages in an amount appropriate to punish and make an example of
14 Plaintiffs.
15    H.    For entry of judgment for costs and reasonable attorneys' fees incurred
16 by Defendant PCM.

- 13 -

I.   For a grant to Defendant PCM such other and further relief as is just and proper.

_____
Jonathan Hangartner (Fed. Bar No. 196268)
SHEPPARD, MULLIN, RICHTER AND HAMPTON
501 West Broadway, Suite 1900
San Diego, California 92101-3598
619-338-6500

Of Counsel:

John B. Hardaway III (Fed. Bar No. 1710)
NEXSEN PRUET, LLC
201 West McBee Avenue, Suite 400
Post Office Drawer 10648
Greenville, South Carolina 29603
864-370-2211

Attorneys for Defendant

PACKAGE CONCEPTS & MATERIALS, INC.

May 26, 2006
San Diego, California

- 14 -

W02-WEST:8JH2\400004319.2

CASE NO. 05 CV 1470 L (AJB)
(Consolidated with Case No. 05 CV 2200)

# CERTIFICATE OF SERVICE

I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 501 West Broadway, 19th Floor, San Diego, California 92101-3598.

On May 26, 2006, I served the following document(s) described as

**PACKAGE CONCEPTS & MATERIALS, INC.'S AMENDED ANSWER AND COUNTERCLAIM**

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

| | |
|---|---|
| John L. Haller, Esq.<br>Charles V. Berwanger, Esq.<br>Susan B. Meyer, Esq.<br>Gordon & Rees LLP<br>101 W. Broadway, Suite 1600<br>San Diego, CA 92101<br>Telephone: 619-230-7451<br>Facsimile: 619-696-7124 | Counsel for Defendants Jif-Pak Manufacturing, Inc., Neil Mintz and Marcus Mintz |
| Robert P. Andris, Esq.<br>Elise R. Vasquez, Esq.<br>Ropers, Majeski, Kohn & Bentley<br>1001 Marshall Street, Suite 300<br>Redwood City, CA 94063<br>Telephone: 650-364-8200<br>Facsimile: 650-780-1701 | Counsel for Defendants Jif-Pak Manufacturing, Inc., Neil Mintz and Marcus Mintz |
| Jackie A. Criswell, Esq.<br>Tressler, Soderstrom, Maloney & Priess<br>Sears Tower, 22nd Floor<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Telephone: 312-627-4000<br>Facsimile: 312-627-1717 | Counsel for Defendants Jif-Pak Manufacturing, Inc., Neil Mintz and Marcus Mintz |

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 415-434-3947. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile)

issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2008(e), a copy of that report is attached to this declaration.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 26, 2006, at San Diego, California.

*/s/ Phyllis Chavez*
PHYLLIS CHAVEZ