USDC SCAN INDEX SHEET










```
AV1    6/23/06    10:24
3:05-CV-01470   MINTZ V. DIETZ AND WATSON INC
*43*
*ANSCNTCLM.*
```

ORIGINAL

FILED
2006 JUN 22 AM 9:13
CLERK
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

**NUNC PRO TUNC**

JUN 19 2006

**BY FAX**

| | |
|---|---|
| 1 | JOHN L. HALLER (SBN 61392)<br>GORDON & REES, LLP |
| 2 | 101 West Broadway, Suite 1600<br>San Diego, CA 92101 |
| 3 | Telephone: (619) 696-6700<br>Facsimile: (619) 696-7124 |
| 4 | |
| 5 | Attorneys for Plaintiffs, Defendants, Counter-<br>Claimants and Counter-Defendants JIF-PAK |
| 6 | MANUFACTURING, INC., NEIL MINTZ AND<br>MARCUS MINTZ |
| 7 | ROBERT P. ANDRIS (SBN 130290)<br>ELISE R. VASQUEZ (SBN 201190) |
| 8 | ROPERS, MAJESKI, KOHN & BENTLEY<br>1001 Marshall Street |
| 9 | Redwood City, CA 94063<br>Telephone: (650) 364-8200 |
| 10 | Facsimile: (650) 780-1701 |
| 11 | Attorneys for Defendants and Counter-Defendants<br>JIF-PAK MANUFACTURING, INC., NEIL |
| 12 | MINTZ AND MARCUS MINTZ |

13 UNITED STATES DISTRICT COURT

14 SOUTHERN DISTRICT OF CALIFORNIA

15

| | | |
|---|---|---|
| 16 | NEIL MINTZ, an individual; and<br>MARCUS MINTZ, an individual; and JIF- | CASE NO. 05cv1470-L (CAB)<br>(Consolidated with Case No. 05 CV 2200) |
| 17 | PAK MANUFACTURING, INC., a<br>California corporation, | **PLAINTIFFS' ANSWER TO PACKAGE** |
| 18 | Plaintiffs, | **CONCEPTS & MATERIALS, INC.'S**<br>**COUNTERCLAIM** |
| 19 | v. | **DEMAND FOR JURY** |
| 20 | DIETZ & WATSON, INC., a Pennsylvania | Magistrate Judge Cathy Ann Bencivengo |
| 21 | corporation and PACKAGE CONCEPTS<br>& MATERIALS, INC., a South Carolina | |
| 22 | corporation, | |
| 23 | Defendants. | |
| 24 | | |
| 25 | AND RELATED COUNTERCLAIMS. | |

26     COMES NOW plaintiffs Neil Mintz, Marcus Mintz and Jif-Pak Manufacturing, Inc. in

27 answer to Package Concepts & Materials, Inc.'s Counterclaim on file herein admit, deny and

28 allege as follows:



1. In answer to the allegations in paragraph 1 (Page 7 of Defendant PCM's May 26, 2006 Amended Answer and Counterclaim) of Defendant's Counterclaim, these answering plaintiffs allege that they are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

2. Plaintiffs admit that Jif-Pak is a California corporation with its principal place of business in the County of San Diego. Plaintiffs deny the remaining allegations contained in paragraph 2 of Defendant's Counterclaim.

3. Plaintiffs admit the allegations contained in paragraph 3 of Defendant's Counterclaim.

4. Plaintiffs admit the allegations contained in paragraph 4 of Defendant's Counterclaim.

### JURISDICTION AND VENUE

5. Plaintiffs admit that the present counterclaim for declaratory relief purports to arise under the laws of the Untied States. Plaintiffs admit that the Court has Subject Matter over the first count in Defendant's Counterclaim.

6. Plaintiffs admit the allegations contained in paragraph 6 of Defendant's Counterclaim.

7. Plaintiffs admit the allegations contained in paragraph 7 of Defendant's Counterclaim.

8. Plaintiffs admit that it has made written assertions that PCM's customers such as Specialty Food Group, Inc., is infringing the '148 Patent. Plaintiffs deny the remaining allegations contained in paragraph 8 of Defendant's Counterclaim.

### COUNT ONE

(Declaratory Judgment – Noninfringement – U.S. Patent No. 5,413,148)

9. Plaintiffs admit the allegations contained in paragraph 9 of Defendant's Counterclaim.

///

10. Plaintiffs admit the allegations contained in paragraph 10 of Defendant's Counterclaim.

11. Plaintiffs admit that there were assertions that Jif-Pak was the owner of the '148 Patent although they actually only had a license to the '148 Patent. Plaintiffs further admit that this misunderstanding of Jif-Pak's interest in the '148 Patent was corrected. Plaintiffs deny the remaining allegations contained in paragraph 11 of Defendant's Counterclaim.

12. Plaintiff's are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of Defendant's Counterclaim, and on that basis deny the allegations contained therein.

13. Plaintiffs admit that it has made written assertions that PCM's customer Specialty Food Group, Inc. is infringing the '148 Patent. Plaintiffs admit that PCM is being sued for infringement of the '148 Patent. Plaintiffs deny the remaining allegations contained in paragraph 13 of Defendant's Counterclaim.

14. Plaintiffs deny the allegations contained in paragraph 14 of Defendant's Counterclaim.

## COUNT TWO

### (Tortious Interference with Contract)

15. In answer to paragraph 15, these answering plaintiffs incorporate by reference each and every admission, denial and allegation contained in their answer to paragraphs 1 through 14 of Defendant's Counterclaim as though fully set forth herein.

16. Plaintiffs are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 16 of Defendant's Counterclaim, and on that basis deny the allegations contained therein.

17. Plaintiffs are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 17 of Defendant's Counterclaim, and on that basis deny the allegations contained therein.

///
///

18.   Jif-Pak admits that it advised third parties that PCM was infringing upon Plaintiffs' '148 Patent, but Plaintiffs deny the remainder of the allegations set forth in paragraph 18 of Defendant's Counterclaim.

19.   Plaintiffs deny the allegations contained in paragraph 19 of Defendant's Counterclaim.

20.   Plaintiffs deny the allegations contained in paragraph 20 of Defendant's Counterclaim.

## COUNT THREE

### (Interference With Economic Relations)

21.   In answer to paragraph 21, these answering plaintiffs incorporate by reference each and every admission, denial and allegation contained in their answer to paragraphs 1 through 20 of Defendant's Counterclaim as though fully set forth herein.

22.   Plaintiffs are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 22 of Defendant's Counterclaim, and on that basis deny the allegations contained therein.

23.   Plaintiffs are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 23 of Defendant's Counterclaim, and on that basis deny the allegations contained therein.

24.   Plaintiffs are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 24 of Defendant's Counterclaim, and on that basis deny the allegations contained therein.

25.   Jif-Pak admits that it advised third parties that PCM was infringing upon Plaintiffs' '148 Patent, but Plaintiffs deny the remainder of the allegations set forth in paragraph 25 of Defendant's Counterclaim.

26.   Plaintiffs deny the allegations contained in paragraph 26 of Defendant's Counterclaim.

27.   Plaintiffs deny the allegations contained in paragraph 27 of Defendant's Counterclaim.

28. Plaintiffs deny the allegations contained in paragraph 28 of Defendant's Counterclaim.

## COUNT FOUR

### (Unfair Competition)

29. In answer to paragraph 29, these answering plaintiffs incorporate by reference each and every admission, denial and allegation contained in their answer to paragraphs 1 through 28 of Defendant's Counterclaim as though fully set forth herein.

30. Jif-Pak admits that it advised third parties that PCM was infringing upon Plaintiffs' '148 Patent, but Plaintiffs deny the remainder of the allegations set forth in paragraph 30 of Defendant's Counterclaim.

31. Plaintiffs deny the allegations contained in paragraph 31 of Defendant's Counterclaim.

32. Plaintiffs deny the allegations contained in paragraph 32 of Defendant's Counterclaim.

33. Plaintiffs deny the allegations contained in paragraph 33 of Defendant's Counterclaim.

34. Plaintiffs admit that they will enforce their rights in the '148 Patent by all legal means. Plaintiffs deny the remaining allegations contained in paragraph 34 of Defendant's Counterclaim.

## AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Plaintiffs allege that said Counterclaim fails to state facts sufficient to constitute a cause of action against plaintiffs.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Plaintiffs allege that Defendant's claims are barred by its failure and refusal to mitigate its alleged damages at all relevant times herein.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Plaintiffs allege that said Counterclaim is barred by the doctrine of estoppel.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Plaintiffs allege that said Counterclaim is barred as PCM has waived any right to obtain its requested relief as a result of its own acts, conduct and/or omissions.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Plaintiffs allege that said Counterclaim is barred by the doctrine of laches.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Plaintiffs allege that they were justified in contacting third parties regarding infringement of their '148 Patent.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Plaintiffs allege that said Counterclaim is barred by the doctrine of unclean hands.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Plaintiffs may have other affirmative defenses which are not known at this time, but which may become known through discovery. Jif-Pak asserts each and every affirmative defense that may be ascertained through further discovery herein.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COUNTERCLAIM ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Plaintiffs allege that any alleged representations made by Jif-Pak

which formed the basis of Defendant's Counterclaim, were true and honest at the time made. Said representations were made, if any there were, without knowledge of any falsity, and were not made with the intent to deceive; Defendant is therefore barred from recovery herein.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. That the Defendant's Counterclaim be dismissed in its entirety, with prejudice;
2. For reasonable attorney's fees and costs of suit incurred herein; and
3. For such other and further relief as the Court deems meet and proper in the premises.

Dated: June 19, 2006

ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Lael Andara
ROBERT P. ANDRIS
LAEL D. ANDARA
Attorneys for Defendants and Counter-Defendants JIF-PAK MANUFACTURING, INC., NEIL MINTZ AND MARCUS MINTZ

### DEMAND FOR JURY

Plaintiffs hereby request a trial by jury.

Dated: June 19, 2006

ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Lael Andara
ROBERT P. ANDRIS
LAEL D. ANDARA
Attorneys for Defendants and Counter-Defendants JIF-PAK MANUFACTURING, INC., NEIL MINTZ AND MARCUS MINTZ

| | |
|---|---|
| CASE NAME: | Jif-Pak v. Package Concepts & Materials, Inc. [And Related Counterclaims] |
| ACTION NO.: | 05 CV 1470 L (AJB) (Consolidated with Case No. 05 CV 2200) |

### PROOF OF SERVICE

I am a citizen of the United States. My business address is 1001 Marshall Street, Redwood City, CA 94063. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**PLAINTIFFS' ANSWER TO PACKAGE CONCEPTS & MATERIALS, INC.'S COUNTERCLAIM -- DEMAND FOR JURY**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

### SERVICE LIST ATTACHED

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 19, 2006, at Redwood City, California.

*[signature]*
LAURA L. KOOZMIN

RC1/396380.1/LD

PROOF OF SERVICE - 05CV1470-L (CAB)
CONSOLIDATED WITH 05 CV 2200)

| | |
|---|---|
| CASE NAME: | Jif-Pak v. Package Concepts & Materials, Inc. [And Related Counterclaims] |
| ACTION NO.: | 05 CV 1470 L (AJB) (Consolidated with Case No. 05 CV 2200) |

## SERVICE LIST

| | |
|---|---|
| John L. Haller<br>Gordon & Rees, LLP<br>101 West Broadway, Suite 1600<br>San Diego, CA 92101 | Attorneys for Plaintiffs<br>Jif-Pak Manufacturing, Inc., Neil Mintz and Marcus Mintz<br>Telephone: 619/696-6700<br>Facsimile: 619/696-7124 |
| John B. Hardaway, III<br>Nexsen Pruet, LLC<br>201 West McBee Avenue, Suite 400<br>Post Office Drawer 10648<br>Greenville, South Carolina 29603 | Attorneys for Defendants<br>Dietz & Watson Inc. and Package Concepts & Materials, Inc.<br>Telephone: 864/370-2211 |
| Neil A. Smith<br>Sheppard Mullin Richter & Hampton LLP<br>4 Embarcadero Center, 17th Floor<br>San Francisco, CA 94111 | Attorneys for Defendants<br>Dietz & Watson Inc. and Package Concepts & Materials, Inc.<br>Telephone: 415/434-9100<br>Facsimile: 415/434-3947 |
| Jonathan Hangartner<br>Sheppard Mullin Richter & Hampton LLP<br>501 West Broadway, 19th Floor<br>San Diego, CA 92101 | Attorneys for Defendants<br>Dietz & Watson Inc. and Package Concepts & Materials, Inc.<br>Telephone: 619/338-6500<br>Facsimile: 619/234-3815 |

RC1/396380.1/LD

PROOF OF SERVICE - 05CV1470-L (CAB)
CONSOLIDATED WITH 05 CV 2200)