UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ; MARCUS MINTZ; and JIF-PAK MANUFACTURING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DIETZ & WATSON, INC.; and PACKAGE CONCEPTS & MATERIALS, INC., <br><br> Defendants. | Civil No.   05cv1470-L (CAB) <br><br> **ORDER REGARDING DISCOVERY OF DEFENDANT DIETZ AND WATSON'S SALES INFORMATION** |
| And related counterclaims. | |

On April 17, 2007, the Court held a telephonic discovery conference on Defendant's motion for protective order to exclude discovery of Defendant's sales information. Letter briefs on the issue were submitted directly to chambers. Lael Andara, Esq., appeared for Plaintiffs. Amy Allen, Esq., Nathan Thomas, Esq., and Neil Smith, Esq., appeared for Defendant Dietz and Watson. Having considered the submissions of the parties and arguments of counsel, Defendant's motion is **DENIED**.

This is a patent infringement action alleging that Defendant uses a stockinette product in the processing of its meat products that infringes Plaintiffs' patent. Plaintiffs propounded discovery seeking disclosure of Defendant's sales information for meat products, which are processed using the accused infringing stockinette. Defendant objected to the requests on the basis that its meat sales information is not relevant and is highly confidential and proprietary.

Defendant argues that there is an established price or royalty for Plaintiffs' stockinette product

and the sales price of its meat products is irrelevant to a lost profits or royalty analysis for the alleged infringing use of Plaintiff's patented invention.  Plaintiff contends that among the factors to consider in the determination of a reasonable royalty it would have charged this defendant for using its patented product is the sales price of meat products produced by Defendant using the allegedly infringing patented stockinette.  The royalty rate can be based on the value of the entire product containing the patented feature if the feature constitutes the basis for customer demand.  *See generally*, *Slimfold Mfg., Co. v. Kinkead Indus.*, 932 F.2d 1453 (Fed. Cir. 1991).  Whether Plaintiffs can ultimately establish that there is the nexus between the patented invention and customer demand is not the question before the Court.  This is a matter of discovery and the sales price of the product allegedly containing the patented invention is relevant.  Defendant's relevance objection to production of the responsive documents and interrogatory responses regarding its meat sales information is OVERRULED.

Defendant also asserts that the sales information is highly confidential and even inadvertent public disclosure by Plaintiffs of this information could cause irreparable and devastating harm to Defendant.  Although the protective order in place in this case should suffice to protect Defendant's proprietary interests, Defendant argues the confidential nature of the information far outweighs its relevance and they should not be forced to rely on the protective order.  It appears that the relevant sales information can be produced in summary format, such that it discloses composite numbers without revealing specific price and customer information.  Defendant, therefore, shall produce summary sales information for meat products identified in Plaintiffs' infringement contentions as using the allegedly infringing stockinette no later than **May 1, 2007**.  If further investigation of the data used to create Defendant's summary information is necessary, Plaintiff may seek additional access to the underlying data under attorneys' eyes only provisions of the protective order.

**IT IS SO ORDERED.**

DATED: April 18, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge