UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ; MARCUS MINTZ; and JIF-PAK MANUFACTURING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DIETZ & WATSON, INC.; and PACKAGE CONCEPTS & MATERIALS, INC., <br><br> Defendants. <br><br> And related counterclaims. | Civil No.   05cv1470-L (CAB) <br><br> **ORDER DENYING MOTION FOR PROTECTIVE ORDER** <br><br> **[Doc. No. 103]** |

On April 25, 2008, the Court held a telephonic discovery conference on Defendants' request for a protective order preventing the deposition of Herbert O'Toole and Robert Bertin, attorneys who provided opinions to Defendant Package Concepts & Materials ("PCM") regarding the patent in suit. Lael Andara, Esq., appeared for Plaintiffs. Jonathan Hangartner, Esq., appeared for defendants. Having considered the submissions of the parties and the arguments of counsel, the motion is **DENIED**.

Attorneys O'Toole and Bertin provided opinions to PCM, that were apparently shared with Defendant Dietz & Watson ("D&W"), regarding infringement of the patent at issue. In an interrogatory response served on or about April 4, 2007, D&W stated that it relied upon those opinions in its decision to continue to use the accused products and provided the opinions to Plaintiffs. Having asserted advice of counsel in this litigation, D&W waived the privilege related to the preparation of these opinions. Plaintiffs now seek the deposition of these attorneys.

PCM relies upon the Patent Local Rules which state a decision to rely upon advice of counsel as a defense to willfulness must be elected no later than 30 days after the issuance of a claim construction order. Patent L.R. 3.8. PCM therefore argues the election, regardless of earlier interrogatory or deposition testimony, has not been made so the depositions are premature. Patent L.R. 3.8 requires a party to decide whether it will assert reliance on counsel no later than 30 days after the claim construction order issues, but does not prevent a party from asserting advice of counsel earlier in the litigation, as D&W elected to do. The motion for protective order is **DENIED**.

As to the matter of damages discovery, the parties represented that they are still in the process of meeting and conferring on this issue. The plaintiffs may raise the matter again with the Court following the completion of the parties' attempt to resolve the dispute, if necessary.

**IT IS SO ORDERED.**

**DATED: April 28, 2008**

_____
CATHY ANN BENCIVENGO
**United States Magistrate Judge**