UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ; MARCUS MINTZ; and JIF-PAK MANUFACTURING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DIETZ & WATSON, INC.; and PACKAGE CONCEPTS & MATERIALS, INC., <br><br> Defendants. <br><br> And related counterclaims. | Civil No.   05cv1470-L (CAB) <br><br> **ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS AND FOR SANCTIONS** <br> **[Doc. No. 125]** |

Before the Court is Plaintiff JiffPak Manufacturing Inc.'s ("Jiff-Pak") Motion to Compel Further Production of Documents and for Sanctions. Jiff-Pak's opening brief and supporting documents were filed on November 11, 2008. [Doc. No. 125.] Defendant Package Concepts & Materials, Inc., ("PCM") filed a response in opposition and supporting documents on November 24, 2008. [Doc. No. 127.] Jiff-Pak filed a reply on December 3, 2008. [Doc. No. 130.] The Court heard argument on December 4, 2008. Lael D. Andara, Esq., appeared for Plaintiff Jiff-Pak. Jon Hangartner, Esq., appeared for Defendant PCM. Having considered the submissions of the parties and the arguments of counsel the motion is **GRANTED IN PART** and **DENIED IN PART**.

This is a patent infringement lawsuit. Jiff-Pak accuses PCM of infringing its patent and propounded discovery requests seeking information on the sales of the accused products. PCM's sales information is kept electronically in a program known as "FACTS," and the company also keeps the

paper copies of invoices. PCM represented through its counsel and by employee declaration that the computer records, while less cumbersome to produce, are not complete for the relevant time period, however PCM has a paper invoice for each and every sale of an accused product. Because of the asserted expense and complications of copying the paper invoices, PCM elected to respond to Jiff-Pak's requests by producing computer records when available, and supplementing with the paper copies to complete any gaps. As a result of PCM's somewhat unconventional computer system, and the admitted gaps in those records, the testimony by PCM's designated 30(b)(6) witness on the subject of damages, and information received from other parties, Jiff-Pak was dissatisfied with the quality and completeness of PCM's productions.

For an extended period of time, approximately two years, counsel for Jiff-Pak and PCM have communicated on this subject trading proposals, demands and compromises, in an attempt to obtain a reliable production of business records from PCM in response to Jiff-Pak's request, a straightforward and fundamental request in a patent infringement matter – the quantity and sales price of all the accused products. Unfortunately, little progress was made over time in reaching a resolution and, despite what the Court perceives as the good faith efforts of counsel to try to resolve this matter without resorting to the Court, the dispute continued.

In August of 2008, PCM agreed to produce copies of all its invoices for all its sales, accused or not, at its expense to put an end to this dispute. Although Jiff-Pak contended that electronic production might still be necessary to confirm the accuracy of that production, it agreed. By November, however, the production had not been made and Jiff-Pak therefore filed this motion. Two days after Jiff-Pak filed its moving papers, PCM delivered the production of the invoices. Based upon its initial review of the production, Jiff-Pak argues that the motion to compel is not moot because many of the documents are illegible and the production does not appear complete. Further, Jiff-Pak contends that sanctions should be issued because, the ultimate production of the business records notwithstanding, PCM's delay in making the production should not be excused.

The Court addressed its concerns regarding the history of this dispute at the hearing and will not recount those comments here, except to reiterate that this matter may have been more efficiently and effectively resolved if it had been brought to the Court much sooner. Given the representation of

counsel for PCM, that the sales of the accused products is completely and accurately reflected in the recently-completed production of the invoice records, the Plaintiff's motion to compel is in part moot, to the extent it appears the full production of the responsive business records has been made.  However, Plaintiff's concerns regarding the quality of the production and the illegibility of the invoice copies is noted and the Motion is therefore **GRANTED IN PART**.  Defendant PCM is **HEREBY ORDERED** to make available forthwith for inspection at the offices of their local counsel, Mr. Hangartner, the original invoice files with all attachments, in the manner in which they are kept in the ordinary course of business, for inspection by counsel for Jiff-Pak..

Jiff-Pak's Motion for Sanctions due to the delay in PCM's production, is **GRANTED**. The deposition of PCM's 30(b)(6) witness was continued due to these document issues.  When the deposition is reconvened the witness(es) will be made available at the offices of PCM's local counsel.

Finally, Jiff-Pak's motion for the further production of electronic records of sales of the accused products, particularly archived electronic records, is **DENIED without prejudice**. Jiff-Pak may renew that request should its review of the invoice records demonstrate a good faith need for the additional discovery.

There will be a telephonic conference on **January 29, 2009, at 9:30 a.m.** to address the status of the document review and inspection.  Counsel for Plaintiff shall coordinate and initiate the conference call.

**IT IS SO ORDERED**.

DATED:  December 5, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge