UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ; MARCUS MINTZ; and JIF-PAK MANUFACTURING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DIETZ & WATSON, INC.; and PACKAGE CONCEPTS & MATERIALS, INC., <br><br> Defendants. <br><br> And related counterclaims. | Civil No.   05cv1470-L (CAB) <br><br><br> **ORDER REGARDING PLAINTIFF'S DISCOVERY MOTION [Doc. No. 144]; and, ORDER GRANTING DEFENDANTS' *EX PARTE* REQUEST TO CONTINUE DATES [Doc. No. 150]** |

    On May 22, 2009, the Court held a telephonic conference on Plaintiff Jif-Pak's Discovery Motion. [Doc. No. 144.] Lael Andara, Esq., appeared for plaintiffs. Jonathan Hangartner, Esq., appeared for defendants. Plaintiff's motion details the history of discovery related to requests regarding defendants' sales information for the accused products in this patent infringement action. The relief sought by plaintiff is uncertain. Plaintiff does not specifically move to compel further production or a deposition but suggests that defendants should be sanctioned for delayed and incomplete written discovery responses and a unprepared designee for the 30(b)(6) deposition. There is also a request for sanctions related to subpoenas served by defendant Package Concepts & Materials, Inc. ("PCM").

    The Court reviewed the motion [Doc. No. 144] and supporting documents [Doc. No. 149], as well as the opposition submitted by defendants [Doc. No. 147] and supporting documents lodged with the Court, and considered the arguments of counsel. The Court also reviewed the docket regarding these

discovery issues. In April 2007, the Court ordered defendants to produce information summarizing the sales of the accused products. [Doc. No. 90, modified by Doc. No. 96.] There was no indication that defendants failed to comply with that Order. In December 2008, the Court ordered defendants to produce for inspection the originals of the invoices that supported the summary information, as copies produced were not legible. [Doc. No. 132.] On January 29, 2009, the Court held a telephonic conference regarding the status of the production and the parties reported they had resolved their disputes and there were no problems. [Doc. No. 133.]

Plaintiff then noticed a 30(b)(6) deposition on the subject of defendant Dietz & Watson's sales for April 16, 2009. On April 7, 2009, Plaintiff withdrew the 30(b)(6) notice and issued a notice for the continued deposition of Gottlieb Dietz for April 20, 2009, which included a request for documents. Counsel exchanged communications about the anticipated scope of Mr. Dietz's deposition testimony; however, it is unclear whether there was an agreement prior to the deposition that Mr. Dietz would be testifying as a 30(b)(6) designee, and on what specific topics, or just in his personal capacity, and whether there was an objection to the attached document request. [Doc. No. 149, Ex. E.; Doc. No. 147, at 3.] The transcript pages provided from Mr. Dietz's deposition demonstrate that he was not prepared in a 30(b)(6) designee capacity and was not able to answer many of counsel's inquiries. [Doc. No. 149, Ex. D.]

Plaintiff has not moved to compel the further deposition of Dietz & Watson. Counsel held a meet and confer after the deposition, and counsel for defendants agreed to supplement interrogatory responses and provide further summary sales information. Defendant's counsel represented that the additional information was provided prior to the hearing on plaintiff's motion. Based in part on this subsequent production and further discussions between counsel, both counsel indicated to the Court, during the telephonic conference, that they were interested in pursuing a stipulation with regard to the sales of accused products by defendant PCM to defendant Dietz & Watson for purposes of the damages analysis in this case.

The facilitate that process, and finding good cause to grant defendants' application for a brief extension of the expert report deadline [Doc. No. 150], the Scheduling Order is modified as follows:

1. Initial expert reports on infringement and invalidity shall be exchanged no later than **May 26, 2009**;

2. Rebuttal expert reports shall be exchanged no later than **June 19, 2009**;

3. Corresponding dates are vacated. All other dates remain the same.

4. If the parties do not reach a stipulation with regard to the sales of accused products by defendant PCM to defendant Dietz & Watson by June 5, 2009, plaintiff may submit a request to the Court no later than **June 10, 2009**, to reconvene the deposition of Dietz & Watson or PCM setting forth with specificity the topics to be covered regarding the accused sales.

A telephonic conference will held on **June 12, 2009**, at **1:30 p.m.** with regard to the status of damages discovery and to schedule dates for the service of expert reports on the issue of damages.

Plaintiff may file a motion to seek sanctions related to four subpoenas issued by PCM in late April 2009. Any other request for sanctions in connection with plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: May 27, 2009

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge