UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ; MARCUS MINTZ; and JIF-PAK MANUFACTURING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DIETZ & WATSON, INC.; and PACKAGE CONCEPTS & MATERIALS, INC., <br><br> Defendants. | Civil No.   05cv1470-L (CAB) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE EXPERT DESIGNATION OF ARNOLD MIKELBERG** <br><br> **[Doc. No. 156]** |
| And related counterclaims. | |

On June 1, 2009, the Court held a telephonic hearing on Defendants' request to exclude an expert designated by Plaintiff as untimely. [Doc. No. 156.] The parties submitted papers directly to Chambers. Lael Andara, Esq., appeared for Plaintiff. Jonathan Hangartner, Esq., appeared for Defendants. Having considered the submissions and arguments of counsel, the request to exclude the expert is **DENIED**.

This a patent infringement action that has been pending for some time. On May 1, 2006 the Court entered the initial scheduling order in this case [Doc. No. 39]. Among the deadlines set in that order was the Claim Construction Hearing for October 20, 2006, and the initial identification of experts for December 20, 2006, with a rebuttal exchange on January 10, 2007. On October 18, 2006, the Court granted Plaintiff's request to continue the Claim Construction Hearing to February 23, 2007. [Doc. No. 60.] The parties, therefore, jointly requested that the original December date for identification of experts be vacated and be rescheduled to occur 30 days after the Claim Construction Hearing. [Doc. No. 67.]

The Court granted that request and modified the scheduling order on February 16, 2007, rescheduling the identification of experts and other deadlines to reflect the scheduling change of the Claim Construction Hearing. [Doc. No. 78.]

The Claim Construction Hearing was held on March 16, 2007 [Doc. No. 86], and the parties exchanged expert identification on April 16, 2007, in accordance with the Court's February 16, 2007 scheduling order. [Doc. No. 78.] Rebuttal designations were timely made on April 23, 2007. Plaintiff's designation or rebuttal designation did not include the expert at-issue, Arnold Mikelberg. Expert reports for the designated experts were due to be exchanged June 11, 2007. On May 7, 2007, as the Claim Construction Order had not yet issued, the Court vacated the dates of the Scheduling Order except for the Pretrial Conference date. [Doc. No. 97.] On July 9, 2007, the Court also vacated the Pretrial Conference date and instructed the parties to contact Chambers for a new scheduling order within five days of the issuance of the Claim Construction Order. [Doc. No. 98.]

The Claim Construction Order issued on February 13, 2009. [Doc. No. 134.] On March 2, 2009, the Court entered an order setting deadlines going forward. [Doc. No. 140.] The Order set dates for the exchange of final contentions following the issuance of the Claim Construction Order, in accordance with the Local Patent Rules, and reset the dates for the exchange of expert reports, discovery deadlines and the other Pretrial dates. This new scheduling order did not address the designation of experts, as that deadline and exchange had already occurred.

On May 26, 2009, the parties exchanged initial expert reports on infringement and invalidity. Plaintiff's exchange included a report from Mr. Mikelberg on industry-related matters. Defendants objected to the report on the basis that Mr. Mikelberg had not been identified in Plaintiff's designation served in April 2007, and his designation was untimely and prejudicial to Defendants as they had no notice of his subject area. Plaintiff's counsel represented that it was his understanding that when the Court vacated the scheduling order in May 2007, it rendered the order a nullity. Therefore, although the designation deadline had passed and the parties had complied with it, he believed that under the March 2, 2009 Order, Plaintiff could designate new and additional experts at the same time reports were served.

The Court's Order of March 2, 2009 sets a deadline for the exchange of exchange expert reports. [Doc. No. 140, at ¶ 4.] It does, however, also reference Rule 26a(2)(A) which requires a party to

disclose the identity of any expert witness to be used at trial.  Plaintiff understood this reference to reopen the opportunity to designate experts.  This was not the intention of the Order, which continued the schedule where the parties left off in May 2007 and did not to reopen the designation deadline which had already expired before the remaining dates were vacated.  Under the circumstances, however, counsel's interpretation is not unreasonable.  Consequently, the Court **DENIES** Defendants' request to exclude Mr. Mikelberg as an expert.

Although it was not the intention of the Court's order to reopen the opportunity to designate additional experts, Defendants should not be prejudiced by the uncertainty created by the text of the Court's scheduling order.  Therefore, Defendants are permitted until **July 10, 2009** to identify an expert and provide a rebuttal report to Mr. Mikelberg's report.  This extension applies only to the designation of Mr. Mikelberg and his opinions.  All other rebuttal reports on infringement and invalidity remain due no later than June 19, 2009.  [Doc. No. 155.]

**IT IS SO ORDERED**.

DATED:  June 3, 2009

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge