UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ, *et al.*,<br><br>                      Plaintiffs,<br><br>v.<br><br>DIETZ & WASTON, INC., *et al.*,<br><br>                      Defendants. | Civil No. 05-CV-1470-L(AJB)<br><br>**ORDER GRANTING MOTION TO AMEND FINAL INVALIDITY CONTENTIONS [doc. #141]** |

Defendants seek leave to amend their final invalidity contentions. [doc. #141] The motion has been fully briefed. The Court considers this matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court grants defendants' motion.

Defendants served their final invalidity contentions on March 23, 2009. Their motion to amend those contentions was filed on April 8, 2009. In seeking to amend their invalidity contentions, defendants's counsel states that in an April 3, 2009 conversation with Henricus Kartner ("Kartner"), they learned that all the elements of the invention claimed in the '148 patent were known in the United States prior to invention by the applicants, Neil and Marcus Mintz, and the Mintzes did not invent the subject matter sought to be patented. These two grounds are based on 35 U.S.C. § 102(a) and (f). Section 102(a) provides: "A person shall be entitled to a patent unless– (a) the invention was known or used by others in this country, or patented or

described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent" and § 102(f) prohibits the patenting of an invention made by someone else.

In support of their motion, defendants note that Kartner, a resident of the Netherlands, and his company, Anka BV, developed a new type of netting for meat in the 1980s. Anka BV provided a sample of the net to Bram Kline ("Kline"), a sales agent, who took the sample to United States trade sales. In 1991, Kline showed Anka BV's netting sample to the Mintzes and they received a sample of the netting. In their recent conversation, Kartner told defendants that the Mintzes did not purchase the netting from Anka BV but instead filed the patent for their product – the product that became the '148 patent. Kline began working for the Mintzes after showing him the Anka BV sample.

Recognizing that to amend their final invalidity contentions requires a showing of good cause, defendants argue they were diligent in promptly moving to amend when new evidence was revealed in discovery and amendment would not result in any prejudice to plaintiffs. Plaintiffs, on the other hand, contend that defendants wasted opportunities to conduct discovery, failed to diligently contact Kartner, had knowledge of Kline since June 2007, and failed to use proper discovery procedures.

The parties rely on *O2 Micro Intern. LTD v. Monolithic Power Systems*, 467 F.3d 1355, 1362 (Fed. Cir. 2006) as the standard to apply in determining whether leave to amend the final invalidity contentions should be granted eventhough the case "primarily presents questions concerning the interpretation and application of the Northern District of California's local rules for patent cases." The *O2 Micro* court noted that "[t]he burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *Id.* at 1363 (citing *Genentech, Inc. v.Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002)).

The local patent rule addressed in the *O2 Micro* case demands "good cause" which requires "a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *Id.* (citing U.S. Dist. Ct. N.D. Cal. Patent L.R. 3-7)).

Here, defendants filed their motion to amend 13 court days after submitting the final

invalidity contentions and three court days after their April 3, 2009 discovery of Kartner's statements about the invalidity of plaintiffs' '148 patent. The Court finds and concludes that defendants acted with diligence in promptly moving to amend their final invalidity contentions after their contact with Kartner.

An additional aspect of diligence concerns whether defendants diligently pursued information about the Anka BV nets from Kartner. Defendants contend that they have attempted to obtain and develop information about the nets by seeking discovery from plaintiffs throughout the ligitation. During 2007, defendants served requests for production numbers 49, 50, 96 and 115 that concern documents and electronic data related to the "'148 patent foreign counterpart" and a sample of Anka BR fabric that was within plaintiffs' control. Similarly, defendants served interrogatories to both Neil and Marcus Mintz dating from 2006. Conducting discovery seeking information about the Anka BV net demonstrates diligence on defendants' part.

Similarly, defendants made efforts to locate and contact Kartner in the Netherlands but were only successful on April 3, 2009. Defendants provided specific enough information to show that their attempts to reach Karnter were diligently undertaken.

Taking a view toward the entirety of the discovery process and because defendants have offered an adequate explanation for the delay, the Court finds and concludes that defendants have established diligence in pursuing information concerning the Anka BV nets and Kartner.

Finally, the Court finds that plaintiffs have made no showing of prejudice if the final invalidity contentions are amended. A slight delay in completing this litigation is insufficient to find prejudice.

Accordingly, defendants' motion to amend final invalidity contentions is **GRANTED**. Defendants shall file their amended final invalidity contentions within five days of the filing of this Order.

**IT IS SO ORDERED.**

DATED: June 29, 2009

M. James Lorenz
United States District Court Judge

1 | COPY TO:
2 | HON. ANTHONY J. BATTAGLIA
3 | UNITED STATES MAGISTRATE JUDGE
4 | ALL PARTIES/COUNSEL