UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ; MARCUS MINTZ; and JIF-PAK MANUFACTURING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DIETZ & WATSON, INC.; and PACKAGE CONCEPTS & MATERIALS, INC.,<br><br>Defendants.<br><br>And related counterclaims. | Civil No.   05cv1470-L (CAB)<br><br>**ORDER GRANTING MOTION TO STRIKE EXPERT AND EXPERT REPORT** [Doc. No. 170] |

    This is the second motion before the Court regarding the timeliness of expert designations by plaintiffs. Defendants previously moved to exclude an expert designated by plaintiffs as untimely. Although the Court denied the motion to exclude plaintiffs' late designated expert Mr. Mikelberg, the Court's order, issued June 3, 2009 [Doc. No. 160], specifically stated that the expert designation deadline had expired and was not reopened by the continuance of the dates to exchange reports. The late designation of Mr. Mikelberg was allowed as an exception. After June 3, 2009, plaintiffs had no good faith basis to believe they could designate any new additional experts, without leave of Court.

    On June 19, 2009, plaintiffs provided rebuttal expert reports pursuant to the scheduling order, which included a rebuttal report on invalidity issues by Neil Mintz, who had not previously been identified as a witness who would provide expert testimony in this case. Defendants moved to exclude Mr. Mintz' report and expert testimony as he was not timely identified as an expert witness. [Doc. No.

170.] Plaintiffs opposed the motion. [Doc. No. 171.] Defendants filed a reply. [Doc. No.172.]The Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

Plaintiffs assert that the Court's Order allowing the late designation of Mr. Mikelberg supports their now late designation of Mr. Mintz. [Doc. No. 171 at 4.]   Plaintiffs ignore the portion of the Order stating that the designation deadline had expired and not reopened by the continuance of the exchange date for expert reports.  Plaintiffs knew in advance of soliciting an expert opinion from Mr. Mintz that time for identifying experts had expired and, despite being an identified percipient witness, Mr. Mintz had never been identified to the defendants as a person who would provide expert opinions at trial.  The identification of Mr. Mintz as a rebuttal expert is untimely.

Plaintiffs have a timely identified and designated expert on validity issues, Barry Mademann. The exclusion of an untimely second expert on this topic will not preclude plaintiffs from providing opinions on validity issues at trial.  Moreover, this order does not preclude Mr. Mintz from testifying as a percipient witness.  The motion to exclude Mr. Mintz as an expert and his expert report because he was not timely identified as an expert [Doc. No. 170] is **GRANTED**.

DATED:  July 9, 2009

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge