UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>DIETZ & WATSON, INC., *et al.*,<br><br>　　　　　Defendants. | Civil No. 05-CV-1470-L(CAB)<br><br>**ORDER DENYING MOTION TO EXCLUDE OPINION TESTIMONY OF TREVOR LITTLE [doc. # ] and RESETTING TIME FOR HEARING ON MOTIONS FOR SUMMARY JUDGMENT** |

The parties have filed cross-motions for summary judgment[1] that are set for hearing on October 23, 2009 at 9:30 a.m.[2] Defendant's motion for summary judgment relies, in part, on the expert testimony of Trevor Little. Plaintiffs seek to exclude Little's expert opinion, in full or in part, under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

Oral argument on plaintiffs' motion to exclude Little's expert opinion was held on October 14, 2009. Having considered the papers submitted and the arguments of the parties, the

---

[1] Plaintiffs' motions for summary judgment are: (1) to declare the '148 Patent valid as a matter of law [doc. #178] and (2) to find infringement of the patent by defendants [doc. #180]. Defendant's single motion for summary judgment [doc. #182] seeks to find plaintiff's '148 patent invalid; that defendant's accused products do not infringe; and there is no willful infringement on the part of defendants as a matter of law.

[2] The time for hearing on the parties' motions for summary judgment is hereby changed from 10:00 a.m. to 9:30 a.m. on October 23, 2009. Counsel is advised that there is a strict time limitation of one and one-half hours total for argument. Counsel may determine how they will divide the time between sides.

Court denies plaintiffs' motion.

**1.      Legal Standard for Determining the Admissibility of Expert Testimony**

Rule 702 of the Federal Rules of Evidence provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

As the Supreme Court explained, Rule 702 requires trial courts to act as a gatekeeper "to ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993).  The *Daubert* Court set forth a two-prong test trial courts must apply in deciding the admissibility of expert testimony: (1) whether the proffered expert testimony is based on "principles and methodology" that are "scientific" and, therefore, reliable, and (2) whether the expert's testimony is relevant by being "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Id.* at 591, 595.

Relevant expert testimony is admissible only if an expert knows of facts which enable him to express a reasonably accurate conclusion. *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988).  Opinions derived from erroneous data are appropriately excluded. *Slaughter v. Southern Talc Co.*, 919 F.2d 304 (5th Cir. 1990).  Both the determination of reliability itself and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under Federal Rule of Evidence 702. *Kumho Tire*, 526 U.S. 137.

**2.      Discussion**

Plaintiffs' arguments boil down to Little's lack of specific knowledge about the meat encasement industry.  According to plaintiffs, Little is not an expert in both the knitting arts and meat encasements; therefore, any of his opinions concerning obviousness or noninfringement lack trustworthiness and would not assist the trier of fact.

While acknowledging that Little is an expert in the field of knitting arts, plaintiffs contend that he cannot provide a reliable or relevant opinion because he lacks expertise with respect to

the pertinent art as applied in this case, *i.e.*, to meat encasements.  Plaintiffs argue that Little must have specialized knowledge of both knitting arts in general and its specialized subset – "the knitting arts as they pertain to the creation of encasements for meat products."  (Reply Memo at 1.)  Because Little has no knowledge of the meat encasement industry, plaintiffs contend Little's opinions on the validity and infringement of the '148 patent would be based on speculation and therefore would be inadmissible.  Little acknowledged in his deposition that he had had no involvement in terms of knitting in the meat processing industry.  (Plts' Exh. D, Little Depo. August 29, 2006 at 151.)

At oral argument, plaintiff's contended that the "whereby" clause following the limitations set forth in Claim one demonstrates that the patent is not merely directed to the knitted structure of the encasement but also to the resulting impression pattern found on the meat products.  (Reporter's Transcript of Proceeding ("RT") at 3-5.)

"A 'whereby' clause that merely states the result of the limitations in the claim adds nothing to the patentability or substance of the claim." *Texas Instruments, Inc. v. U.S. Internat'l Trade Comm.*, 988 F.2d 1165, 1172 (Fed. Cir. 1993).  But a "whereby" clause that sets forth a structural limitation and not merely the results achieved by the claimed structure is a positive limitation of the claim.  *Scheinman v. Zalkind*, 112 F.2d 1017, 1019 (1940).

In the present case, it is only in the "whereby" clause that the result of the casing structure is disclosed:

> WHEREBY when a meat product is stuffed into said casing structure under pressure, said meat product forms a bulge within each of said four-sided shapes to thereby define a checker-board pattern on the surface thereof, said stockinette member forming a shield to prevent the adherence of adjacent meat product bulges over said strands of said netting arrangement.

In response to plaintiffs' argument, defendant contends that the "whereby" clause

> is not an element of the claim; that it's not a required element for them to provide infringement. . . .  Defendants' position is that the claim itself other than to look at a piece of meat and see what kind of pattern – if there is a checker-board pattern on the meat, that there really is nothing to do with meat in the claims of this patent.

(RT at 11-12.)

Whether or not the whereby clause in this patent merely states the result of the limitations

or sets forth a structural limitation, the limitations found in the '148 patent's first claim are specifically directed to the knitted structure of the encasement and not to meat encasements. The fact that the knitted encasement is used for meat processing and the result of the encasement is to leave a checkerboard pattern is relevant to the issue of infringement and obviousness, but the pertinent art of the '148 patent is knitting.

In arguing that Little's opinion should be excluded because he is not an expert in meat encasement, plaintiffs argue that the pertinent art is knitted meat encasements and rely on several cases.

In *Sundance Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356 (Fed. Cir. 2008), the Court found that a registered patent attorney was qualified to testify as to Patent and Trademark Office procedure generally but unless the patent lawyer was also a qualified technical expert with respect to segmented tarpaulin systems, his testimony on technical issues was improper and inadmissible. *Id.* at 1361 (the expert "is not qualified to testify as an expert witness on the issues of infringement or validity. These issues are analyzed in great part from the perspective of a person of ordinary skill in the art, and testimony explaining the *technical evidence* from that perspective")(emphasis added). In *Sundance*, the Court found that the pertinent art was the technical field of tarp or covers, and not Patent Office procedures.

In *Flex-Rest, LLC v. Steelcase, Inc.*, an ergonomics expert was not permitted to testify about keyboard design support systems even though the invention applied ergonomic principles to keyboard design. 455 F.3d 1351, 1360 (Fed. Cir. 2006). The court noted that the trial court "considered Dr. Rosecrance's expertise in ergonomics, but concluded that he was not one of ordinary skill in the art at the time of the invention." *Id.* ("The district court found that one skilled in the art of the invention was a keyboard designer"). Because the Court identified the pertinent art as keyboard design, and not ergonomics, the expert was properly excluded.

In a non-patent case, a criminal defendant was charged and convicted of uttering a counterfeit foreign obligation and possessing a counterfeit foreign obligation in *United States v. Chang*, 207 F.3d 1169 (9th Cir. 2000). The court excluded the testimony of defendant's expert whose expertise was in the area of international finance finding that the expert was not qualified

to opine as to the authenticity of the Certificate at issue. *Id.* at 1172. The expert "had no experience in identifying counterfeit foreign securities." *Id*. Thus, his "practical experience in international finance" did not lend any insight into whether a particular international security was authentic or not.

Finally, in *Rambus Inc. v. Hynix Semiconductor, Inc.*, the proposed expert had over 33 years experience in electrical engineering and semiconductor devices design but had never held a marketing position, managed inventory, had no training in economic and no formal training in business administration. 254 F.R.D. 597, 603-04 (N.D. Cal. 2008). The manufacturer argued and the court agreed that the expert should be precluded from providing opinions about commercial success because he lacked expertise concerning the factors that influenced the commercial success of the products at issue. The Court found that the pertinent issue was not the technical design of the product but rather the business aspect of the products.

Plaintiffs' case authority is not persuasive here.[3] The structure disclosed in the '148 patent is based on the knitting arts. As a result, the Court concludes that a person of ordinary skill in the art is a person who has a certain level of skill in the knitting arts.

## CONCLUSION

Under *Daubert* and *Kumho*, the Court must determine whether Little's expert opinions are relevant and reliable in order for his opinions to be properly admissible. Little is acknowledged to be an expert in the knitting arts. The '148 patent is directed to a knitted structure to be used in processing meat products. Thus, the Court concludes that pertinent art of the '148 patent is knitting arts. Little's opinions based on his expertise in the pertinent art are relevant and reliable, and accordingly, are not subject to exclusion under *Daubert* or *Kuhmo*

---

[3] The day prior to the hearing and after briefing was complete on their motion to exclude Little's expert testimony, plaintiffs provided a list of supplemental case authority that they contend "bears directly on Plaintiffs' Motion to Exclude the Expert Testimony of Trevor Little." (Supplemental Case Authority, doc. #210.) Plaintiffs have failed to explain why these case cites were not provided at the time of the filing of their motion. The cases were filed in 2000, 2006 and 2008 and therefore, cannot be considered "new" case law. Although the Court has considered these cases, plaintiffs are advised that in providing supplemental case authority or other supplemental briefing, the filings must demonstrate that the information intended for consideration was newly obtained or otherwise unavailable at the time of the original filing.

*Tires*.

Accordingly, plaintiffs' motion to exclude opinion testimony of Trevor Little is **DENIED.**

**IT IS SO ORDERED.**

DATED: October 19, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL