UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ, *et al.*, | Civil No. 05-CV-1470-L(CAB) |
| Plaintiffs, | **ORDER DENYING PLANTIFFS' MOTION FOR RECONSIDERATION** [doc. #231] |
| v. | |
| DIETZ & WASTON, INC., *et al.*, | |
| Defendants. | |

Relying on Federal Rules of Civil Procedure 59(e) and 60(b), plaintiffs seek reconsideration of the Court's March 30, 2010 Order that granted defendant's motion for summary judgment re: invalidity based on obviousness, denied plaintiffs' motion for summary judgment re: infringement and denied plaintiff's motion re: invalidity based on obviousness. [doc. #227].

**1.   Legal Standard**

Reconsideration under Federal Rule of Civil Procedure 59(e) is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A Rule 59(e) motion "should not be granted absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion to reconsider is not

another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments.  Reconsideration motions do not give parties a "second bite at the apple."  Neither are they devices permitting the unsuccessful party to "rehash" arguments previously presented.

Motions to reconsider are not justified on the basis of new evidence which could have been discovered prior to the court's ruling.  Finally, "'after thoughts' or 'shifting of ground' do not constitute an appropriate basis for reconsideration."  *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1999), *rev'd on other grounds* , 160 F.3d 1254 (9th Cir. 1998) (internal citations omitted); *accord United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001); *see also Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a motion for reconsideration under Rule 59(e) was properly denied because "it presented no arguments that had not already been raised in opposition to summary judgment"); *Costello v. United States Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) ("courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment").  This rule reflects the courts' "concern[] for preserving dwindling resources and promoting judicial efficiency." *Costello*, 765 F. Supp. at 1009.

Rule 60(b) provides the following grounds for relief from a final judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Plaintiffs rely on subsections 2 and 6.

"[C]lause (6) acts as a catch-all allowing the court to grant relief for 'any other reason justifying relief from the operation of the judgment.'" *Hamilton v. Newland*, 374 F.3d 822, 825

(9th Cir. 2004), quoting Fed. R. Civ. P. 60(b)(6). This provision has been "used sparingly and as an equitable remedy to prevent manifest injustice." *Id*. (internal quotation marks and citation omitted). A party is entitled to relief under Rule 60(b)(6) if he demonstrates "extraordinary circumstances" to justify relief. *Straw*, 866 F.2d at 1172.

**2.   Discussion**

    **a.   Obviousness**

Plaintiffs argue that a case decided the same day as the Court's Order granting defendant's motion for summary judgment on the issue of obviousness, *Power-One, Inc. V. Artesyn Technologies, Inc.,* 2010 U.S. App. LEXIS 6487 (March 30, 2010), is a change in controlling law. As defendant correctly points out, it is not. *Power-One* provides additional discussion concerning secondary consideration that may be considered in an analysis of obviousness; however, it does not alter the controlling law and does not require reconsideration of the Court's Order.

In seeking reconsideration, plaintiffs contend the Court's decision was clearly erroneous because of the existence of disputed issues of material fact. Defendant contends plaintiffs waived any argument that there were factual issues in dispute by presenting two motions for summary judgment that asserted there were no such issues with respect to obviousness or validity. It is not improper for the non-prevailing party to argue in reconsideration or on appeal that a summary judgment motion was wrongly decided because of the existence of disputed material facts.

Plaintiffs contend that the Court's decisions was contrary to law and based on an improper reading of the file history, specifically, the 1994 amendment in the file history of the '148 Patent. In seeking reconsideration of the Court's ruling, plaintiffs do nothing more than reassert their prior arguments that were rejected.

Also, Jif-Pak asserts it submitted substantial objective evidence of secondary factors to demonstrate the patent was not obvious and therefore, summary judgment in defendant's favor should have been denied. In its opening brief, Jif-Pak raised secondary considerations of commercial success, defendants' advertising, and the failure of Bram Kline to create a product

like Jif-Pak's.  (Plfs' Memo of Ps&As at 14-16, doc. no. 178.)  After Jif-Pak's opening brief, there was scant discussion or analysis of secondary factors in the parties' papers and at oral argument.

In their motion for reconsideration, plaintiffs provide several additional secondary factors for consideration of non-obviousness.  These factors were not analyzed and citations to the supporting evidence were not provided during the briefing process or during oral argument.  Clearly, these additional factors could have been brought to the Court's attention in a timely and helpful manner but were not.  This is not a situation where evidence was newly discovered.

Nevertheless, in making its decision on obviousness, the Court was aware of and applied *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 427 (2007) in finding summary judgment appropriate because  "the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors."(citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966)).  Plaintiffs urge the Court to try again at reaching their desired conclusion.  Jif-Pak's disagreements with the Court's conclusions concerning obviousness, including  secondary considerations of non-obviousness, are ripe for appeal but they do not provide a basis for reconsideration under Rules 59(e) or 60(b).

    **b.**  **Non-infringement**

In seeking reconsideration on the issue of non-infringement, plaintiffs contend that there are material facts in dispute that preclude summary judgment, and the Court failed to give credence to clearly conflicting evidence and to draw all inferences in favor of Jif-Pak; therefore, the Court's decision is contrary to law and manifestly unjust

Like its argument concerning non-obviousness, Jif-Pak contends the court erred by granting summary judgment when there were material issues of fact in dispute concerning the proper interpretation of the July 1994 amendment to the Patent during the prosecution.  Although plaintiffs previously contended there were no issues in dispute precluding summary judgment, Jif-Pak's current contention is nothing more than rearguing its position found in its motion for summary judgment and opposition to defendant's motion for summary judgment.

Plaintiffs do not point to any extraordinary circumstances justifying relief from the judgment.

Jif-Pak contends the Court's decision is manifestly unjust because it failed to give credence to clearly conflicting evidence presumably with respect to both obviousness and non-infringement. Specifically, Jif-Pak argues that "the Court of the Hague's ruling that Henricus infringed Jif-Pak's patent is in direct conflict with defendant's uncorroborated evidence," and Kartner's testimony is "inherently contradicted by Mr. Kartner's previous litigation and bias." (Pltfs' Memo of Ps & As at16.)  The Court clearly noted in its summary judgment order that it had "not made use of Kartner's testimony in reaching its decision that defendant has provided clear and convincing evidence sufficient to overcome the presumption of validity based on obviousness." (Order filed March 30, 2010, doc. no.   .)  Further, the issue of "obviousness is a question of law based on underlying findings of fact." *In re Kubin*, 561 F.3d 1351, 1355 (Fed. Cir. 2009).  Even though there are factual issues underlying the ultimate obviousness decision, summary judgment is appropriate if "the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 427 (2007) (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966)).  Here, the Court made no credibility determinations but instead considered the factual context of the prior art, scope of the patent claim and the level of ordinary skill in the art and concluded there were no genuine issues of material fact in dispute.  Again, plaintiffs reargue what has already been presented to the Court.

### c.     Failure to Analyze Dependent Claims

Jif-Pak argues that the Court committed clear error by limiting its discussion to Claim 1 of the '148 Patent and not considering dependent Claims 2 through 8.  To contend that the Court erred because plaintiffs chose to prosecute this action solely on Claim 1 is remarkable.  At no time in this litigation have plaintiffs suggested that defendant infringed the '148 Patent in any way other than "Defendants meat casing possess every limitation contained in Claim 1 of the '148 Patent." (Pltfs' MSJ re infringement at 1, doc. no. 180.)   As a result, plaintiffs did not address any of the dependent claims it now states was error for the Court to overlook.  Nor did

Jif-Pak seek to have the Court or opposing counsel address any of the dependent claims. Jif-Pak has waived any right to assert an error requiring reconsideration based upon an alleged failure of the Court to dispose of dependent claims that plaintiffs neither briefed nor discussed.

### 3. Conclusion

Plaintiffs do not provide a legal or factual basis for the Court to reconsider its Order granting defendants' motion for summary judgment on the issues of obviousness or non-infringement. Instead plaintiffs generally argue the Court was wrong in its decision but fail to point to any extraordinary circumstances justifying relief from the judgment.

Based on the foregoing, plaintiffs' motion for reconsideration or to alter or amend the judgment is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 9, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL