UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL MINTZ, *et al.*, | Civil No. 05-CV-1470-L(CAB) |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS** [doc. #229] |
| v. | |
| DIETZ & WASTON, INC., *et al.*, | |
| Defendants. | |

Defendant Package Concepts & Materials, Inc. ("PCM") moves for attorneys' fees and costs under 35 U.S.C. § 285. The motion has been fully briefed. For the reasons set forth below, defendant's motion is denied.

In a patent action, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The purpose of the statute is to "compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit." *Automated Business Cos. v. NEC Am., Inc.*, 202 F.3d 1353, 1355 (Fed. Cir. 2000)(quoting *Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir.1983)).

Determining whether a case is exceptional and thus whether attorney fees should be granted under § 285 is a two-step process. *See Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1370 (Fed. Cir. 1999)(citing *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1460, 46 USPQ2d 1169, 1178 (Fed. Cir. 1998) (en banc)). The court must first make a factual

determination as to whether the case is "exceptional." If the Court decides that it is an "exceptional" case, then it may use its discretion to determine whether or not an award of attorney fees is appropriate. *See Interspiro v. Figgie Int'l*, 18 F.3d 927, 933 (Fed. Cir. 1994).

An exceptional case must be established by clear and convincing evidence. *Advance Transformer Co. v. Levinson*, 837 F.2d 1081, 1085 (Fed. Cir. 1988). In the present case, the accused infringer is the prevailing part. In *Bayer Aktiengesellschaft v. Duphar International Research*, the Federal Circuit addressed the standard for awarding attorneys' fees to a prevailing accused infringer. The *Bayer* court stated that "exceptional circumstances include, *inter alia*, inequitable conduct during prosecution of a patent, misconduct during litigation, vexatious or unjustified litigation, or a frivolous suit." *Bayer*, 738 F.2d 1237, 1242 (Fed. Cir. 1984) (footnotes omitted); *see also Morgan Adhesives Co. v. Chemtrol Adhesives, Inc.*, 574 F.Supp. 832, 836 (N.D.Ohio 1983)("There must be some finding . . . of unfairness, bad faith, inequitable conduct, vexatious litigation or some similar exceptional circumstances" before an award of attorneys' fees is appropriate.) Additionally, a court will look to "the closeness of the case . . . and the parties' conduct ... including evidence of bad faith" in making a determination regarding whether the case is an exceptional one justifying the award of attorneys' fees. *Afros S.P.A. v. Krauss-Maffei Corp.,* 671 F. Supp. 1402, 1440 (D. Del. 1987) (citations omitted). Thus, a successful defendant in a patent infringement suit seeking to recover attorneys' fees must provide evidence of actual wrongful intent or of gross negligence on the part of the plaintiff in bringing the action. *See Machinery Corporation of America v. Gullfiber AB*, 774 F.2d 467, 473 (Fed. Cir. 1985).

**1.    Background**

On April 20, 2005, Package Concepts & Materials, Inc. ("PCM") filed a declaratory judgment action in the United States District Court for the District of South Carolina against Jif-Pak Manufacturing, Inc., Neil Mintz and Marcus Mintz (collectively "Jif-Pak"). PCM sought a declaration that it was not infringing U.S. Patent No. 5,413,148 ("the '148 patent") which is owned by Neil Mintz and Marcus Mintz, and asserted a claim for tortious interference with contract against Jif-Pak. On July 22, 2005, Jif-Pak, Neil Mintz and Marcus Mintz filed the

1 above-captioned case against PCM and Dietz & Watson, Inc. ("D&W") contending that PCM
2 was infringing the '148 patent.
3     In its order granting defendant's motion for summary judgment and denying plaintiffs'
4 cross motions for summary judgment, the Court concluded that the '148 Patent was invalid as
5 obvious.  Alternatively, the Court found that even if the Patent was not obvious, there was no
6 infringement as a matter of law because Jif-Pak expressly disclaimed the specific knit structures
7 used by PCM in the accused nets during prosecution of the '148 Patent.

**2.　Discussion**

9     PCM contends that it carefully analyzed its products to ensure noninfringment of Jif-
10 Pak's patent.  According to PCM, rather than acknowledge that PCM's products did not infringe
11 the '148 Patent, Jif-Pak harassed PCM's customers and drove up the cost of litigation by
12 threatening to sue PCM's customers which required PCM to indemnify all its major customers
13 and to provide a defense to defendant D&W.  Further, PCM asserts Jif-Pak abused the litigation
14 process during the discovery phase and after.   Specifically, defendant contends that plaintiffs'
15 discovery has been disproportionate to the size of the case, Jif-Pak forced defendants to litigate
16 even minor issues such as requests for extensions of time, plaintiffs filed an ill-timed motion for
17 a preliminary injunction that was withdrawn but only after PCM was required to file an
18 opposition, and plaintiffs attempted to provide two reports from experts who were not timely
19 disclosed.

20     Finally, PCM contends that Jif-Pak brought this action knowing that it had disclaimed
21 netting structures that did not intersect in locking engagement with one another in order to obtain
22 the '148 Patent and that PCM's nets are the very structure that Jif-Pak disclaimed.   In other
23 words, Jif-Pak's pursuit of this action in the face of the prosecution history constitutes bad faith
24 and a finding that this is an exceptional case permitting an award of attorneys' fees to PCM.

25     In response, Jif-Pak contends there is no clear and convincing evidence establishing the
26 litigation was exceptional, its arguments were plausible, and there was a reasonable basis for the
27 prosecution of the action.   Additionally, Jif-Pak argues that it did not engage in vexatious
28 litigation conduct.

The Court is well aware of the litigation history of this case.  Plaintiffs requested what appears to be excessive discovery, failed to compromise on minor litigation activities, unreasonably submitted two expert reports without prior designation in contravention of the Court's scheduling order, and filed a motion for preliminary injunction two years after the product they sought to enjoin had been introduced to the market and then withdrew the motion only after PCM filed its response in opposition.  As a result of this behavior, PCM was required to expend significant time and money on this action that could have been avoided or mitigated.  Nevertheless, the Court cannot find by clear and convincing evidence that standing alone plaintiffs' litigation tactics were exceptional.

"The filing and maintaining of an infringement suit which the patentee knows, or on reasonable investigation should know, is baseless, constitutes grounds for declaring a case exceptional under 35 U.S.C. § 285 and awarding costs and attorney fees, and expenses to the accused infringer." *Eltech Systems Corp., v. PPG Indus. Inc.*, 903 F.2d 805, 810 (Fed. Cir. 1990); *see also Mathis v. Spears*, 857 F.2d 749, 754 (Fed. Cir. 1988).  "Absent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *Brooks Furniture Mfg., Inc., v. Dutailier Int'l, Inc*., 393 F.3d 1378, 1381 (Fed. Cir. 2005).  If "the patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence." *See Eltech Systems Corp. v. PPG Industries, Inc.*, 903 F.2d 805, 811 (Fed. Cir. 1990).

As noted above, PCM argues that plaintiffs did not have a good faith basis to initiate and pursue this case because Jif-Pak had expressly disclaimed any netting structure in which the lateral and longitudinal strands did not each intersect in locking engagement with one another during the patent application process, and PCM's accused products met the disclaimed structure.

Having reviewed the case since its inception, the Court does not find by clear and convincing evidence that Jif-Pak knew or should have known before filing this action that it had no chance of success on the merits of its infringement claim.  Jif-Pak position concerning

infringement was not unreasonable considering its construction of the terms found in Claim 1. As noted in the Court's claim construction order, patent infringement occurs if any one of a patent's claims covers the alleged infringer's product or process. *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988). Plaintiffs argued rational and plausible constructions of Claim 1's disputed terms that supported their position that defendant's accused products infringed the '148 Patent. After construing the disputed terms from Claim 1, the Court's finding that the strands of PCM's netting arrangement do not intersect in locking engagement and therefore do not infringe the '148 Patent fails to make plaintiffs' position unreasonable.

Although plaintiffs made a specific limitation to the '148 Patent during the prosecution of the patent, the conclusion that the structures of the accused PCM's nets did not infringe only came after the claim construction order and after thorough briefing and argument on cross motions for summary judgment. Defendant's position, while ultimately successful, was not so clear cut that informed counsel or experts in the relevant art would not differ.

A lawsuit is objectively baseless when "no reasonable litigant could realistically expect success on the merits." *See Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993). For the reasons set forth above, the Court cannot find this litigation was objectively baseless. A reasonable litigant could have expected to prevail on a claim of patent infringement even when the accused infringing products' structures were disclaimed during the patent prosecution where the construction of the claim's terms could support a contrary view.

As noted above, the Court is required first to determine as a matter of fact whether the case was "exceptional." *Interspiro*, 18 F.3d at 933. The Court concludes that this case is not exceptional within the meaning of 35 U.S.C. § 285.

Based on the foregoing, PCM's motion for attorneys' fees is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 9, 2010

M. James Lorenz  
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL